THEOPHILUS M. NICHOLS, Plaintiff in Error, *v.* CHARLES STEWART and JOHN H. CALBREATH, Defendants in Error.

ERROR TO ST. CLAIR. ,

A plea of usury, professing to answer the whole count of the declaration, while it only answers so much of it as claims to recover more than legal interest, is bad on demurrer.

Our statute attaches no penalty to an usurious transaction; it merely modifies the contract so that the defendant shall be bound to pay only the principal sum, with legal interest.

A judgment in an action of debt which recites that the plaintiff is entitled to six per cent. interest, but leaves a blank in the part of the judgment which states the damages recovered, will be reversed.

THIS was an action of debt, commenced by Nichols against Stewart and Calbreath on a sealed note, dated Oct. 4th, 1856, for $500, payable by defendants, jointly and severally, six months after date, with interest at two per cent. monthly until paid. Plaintiff filed a declaration with a special and the common counts, but before any plea was put in, withdrew the common counts. Defendants filed a plea, to which a demurrer was sustained, and subsequently amended their plea so as to crave oyer and be a plea of usury, in the usual form. Plaintiff filed a demurrer to the amended plea, which was overruled, and the plaintiff abided by his demurrer. The court then rendered a judgment for the plaintiff for $500 debt, which recited that the plaintiff was entitled to six per cent. per annum interest, but a blank was left in that part of the judgment which states the damages recovered.

The plaintiff brings the case to this court by writ of error; assigning as errors—

1st. Overruling of demurrer to amended plea.

2nd. Giving judgment as rendered.

W. H. AND J. B. UNDERWOOD, for Plaintiff in Error.

MEYER & FRENCH, for Defendants in Error.

CATON, C. J. This was an action of debt upon a sealed obligation for five hundred dollars, with a special and the common counts, which latter were withdrawn before the plea was filed. To the declaration containing only the special count the defendants filed a plea of usury. The introduction to this plea is as follows, " and the defendants, by French & Meyer, their attorneys, come and defend, etc., and crave oyer of the said writing obligatory in the first count of the plaintiff's declaration, and

Nichols *v.* Stewart et al.

it is read to them, \* \* \* and for plea say, that before the making," etc. The plea goes on to state that the obligation was given for five hundred dollars, loaned money, and that it was agreed that the makers should pay to the payee for the forbearance of said sum of money at the rate of two per cent. per month, and that is the rate of interest reserved in the body of the obligation as stated in the declaration, and as set out on oyer. To this plea a demurrer was filed, which was overruled by the court, by which the plaintiff abided; whereupon the court rendered a judgment for the five hundred dollars debt, but no damages, a blank being left in that part of the judgment which states the damages recovered, although the judgment recites that the plaintiff is entitled to six per cent. interest on the obligation.

The court unquestionably erred in overruling this demurrer. The plea professed in the most unequivocal terms to answer the whole count, while at most it only answered so much of it as claimed to recover more than the legal rate of interest. Were our statute like the English usury laws, which forfeit the whole amount of the obligation or note which is tainted with usury, then the plea would have been good, and the pleader was probably misled by following an English precedent in the introductory part of the plea. There is in fact no penalty attached to an usurious transaction by our statute, as we have already decided. It merely modifies the contract, so that if the defendant shall insist upon it, no matter what the terms of the contract may be, he shall only be bound to pay the principal sum and legal interest. The plea was bad, and the demurrer should have been sustained.

But if the plea had only professed to answer that part of the declaration to which it was really a good answer, still the judgment was wrong, in not giving the plaintiff the damages to which he was entitled by the statute.

The judgment must be reversed and the cause remanded, with leave to amend the plea.

*Judgment reversed.*