## In re DE LEON'S ESTATE.

### No. 15,367; December 27, 1893.

35 Pac. 309.

**Appeal—Dismissal.—Where the Transcript on Appeal Does not Show** that the findings of fact and conclusions of law set out in it were signed by the trial judge and filed with the clerk, and that judgment was entered upon such findings and conclusions, as required by Code of Civil Procedure, sections 632, 633, the appeal will be dismissed.[1]

1 Cited and approved in Ford v. McIntosh, 22 Okl. 424, 98 Pac. 341, where the court dismissed an appeal, the record containing no copy of the judgment and failing to disclose that any had been rendered, while the certificate of the trial judge to the bill of exceptions was insufficient under the statute to correct the omissions.

APPEAL from Superior Court, City and County of San Francisco; J. V. Coffey, Judge.

Proceedings by Virginia Durstein to have allotted to her a share in the estate of Jose Francisco De Leon, deceased. Decree for plaintiff. The assignee of one of the distributees of said estate appeals. Dismissed.

T. M. Osmont for appellant; Lloyd & Wood and L. D. Mc-Kisick for respondent.

FITZGERALD, J.—The appeal in this case purports to be from a judgment upon the judgment-roll with a bill of exceptions. There are so-called "findings and conclusions of law" set out in the transcript, but they do not appear to have been signed by the judge or filed with the clerk; nor was there any judgment entered thereon, as required by sections 632, 633 of the Code of Civil Procedure. With the exception of a statement in the bill of exceptions that a "decree was rendered in favor of the petitioner as in said decree set forth," there is nothing in the record showing that any judgment was ever rendered by the court. This point was not made by counsel, either in their arguments or briefs, for the reason, perhaps, that they supposed that the judgment had been regularly entered upon the decision, and that, as the appeal had been taken upon the judgment-roll, it was necessarily contained therein. If, however, it should be made to appear within the time allowed to file a petition for rehearing that the judgment was in fact entered upon the decision, but was inadvertently omitted from the transcript, then the judgment herein will be set aside, and counsel permitted, upon a suggestion of diminution of the record, to supply the omission. Appeal dismissed.

We concur: De Haven, J.; McFarland, J.

January 26, 1894.

By the COURT.—Ordered that the judgment heretofore rendered in this cause on December 27, 1893, be and the same is hereby vacated and set aside, and, upon stipulation of the parties filed herein, further ordered that the case stand submitted upon the amended record, and upon the briefs now on file.