## CLARKE *v.* McDADE.[1]

ERROR TO THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, CALIFORNIA.

No. 158. Submitted January 13, 1897. — Decided January 25, 1897.

A general statement that the decision of a state court is against the constitutional rights of the objecting party, or against the Fourteenth Amendment, or that it is without due process of law, particularly when these objections appear only in specifications of error, so called, will not raise a Federal question, even where the judgment is a final one within Rev. Stat. § 709.

In these cases there was no final judgment, such as is provided for in Rev. Stat. § 709, and there does not appear to have arisen any Federal question whatever.

---

[1] With this case were submitted No. 159, Clarke *v.* McDade, No. 165, Clarke *v.* McDade, No. 160, Clarke *v.* Mott, and No. 161, Clarke *v.* Mott, all error to the Superior Court of the city and county of San Francisco. The opinion of this court is entitled in all the cases.

THE case is stated in the opinion.

*Mr. A. C. Searle,* for plaintiff in error, submitted on his brief, on which were *Miss Clara S. Foltz* and the plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE PECKHAM delivered the opinion of the court.

The records in the above numbers, 158 and 159, relate to proceedings in *habeas corpus.* Those records are printed. Numbers 161 and 165 also relate to proceedings in *habeas corpus.* The records in those cases are not printed. Number 160 relates to a writ of error in what is termed in the record "an action."

All the records now before us, both printed and unprinted, are such a mass of confusion as to render it difficult to determine what has been done in the court below. The records relating to the proceedings taken upon *habeas corpus* show applications for that writ to various judges of the Superior Court of the city and county of San Francisco, State of California. From a perusal of the series of papers variously denominated orders, objections, demurrers, motions to vacate, answers, specifications of errors and petitions for reversal, which are mixed up in inextricable confusion, we are able to gather that the plaintiff in error, Clarke, was proceeded against in the Superior Court of San Francisco as an alleged insolvent, and that such court after a hearing adjudged that he was insolvent; that he appealed from the adjudication and his appeal was heard in the Supreme Court of California, which court affirmed the adjudication and remitted the record to the Superior Court of San Francisco. These facts are discovered from the perusal of a paper appearing to be an order signed by one of the judges of the Superior Court, which shows that there had been an appeal, and that the remittitur had come down to that court affirming its judgment adjudging Clarke an insolvent.

The order containing such recitals then directs the insolvent to file an inventory of his property, and it is signed by one of the judges of the court. An appeal was taken from the order, but no disposition of it appears to have been made, so far as the record shows. He failed to obey the order by filing the inventory as directed, and an order to show cause why he should not be punished for contempt having been made, he appeared and offered various objections to such adjudication. He was finally adjudged guilty of the contempt charged, and was committed to the jail in San Francisco until he should obey the order of the court and file an inventory as directed. After his commitment to the jail he commenced a series of proceedings by *habeas corpus* to obtain his release. It is the decision of the judge rendered in each proceeding of which he complains. He applied to one judge of the Superior Court after another for the writ which was granted him, and when the writ was served and the petitioner produced in obedience to the writ, after a hearing, the writ was discharged and the petitioner was remanded by the judge who granted the writ. This was repeated three or four times before different judges with the same result. He also applied to Judge Morrow, United States District Judge for a writ of *habeas corpus*, and that writ was applied for after he had applied to the state judge for the same kind of a writ which had been allowed, but before a decision was given by the state judge in that particular proceeding, and upon a hearing before the state judge upon the return of the writ sued out by himself, he objected that the judge had no right to hear the case, as he had applied to a United States District Judge for a writ of *habeas corpus*, and that under the provisions of Rev. Stat. §§ 763, 766, there was no power in the state judge to proceed with the hearing upon a return of the writ.

It does not appear what (if any) action was taken by the Federal judge on the application for the *habeas corpus*, and it is upon the decisions made by the state judges on these various applications for writs of *habeas corpus* that the questions arise which plaintiff in error claims that this court has the jurisdiction to decide.

All his objections to the proceedings are to be found in documents set forth in the records signed by himself, and which he describes as specifications of error and prayers for reversal. In these specifications he sets up numerous objections to the order adjudging him an insolvent and to the order adjudging him in contempt, and to the alleged refusal of the various judges to admit him to bail pending an examination of his case under the writs issued. What these various decisions were can only be determined from these specifications of error and other descriptions and allegations contained in affidavits and alleged answers to petitions signed by the plaintiff in error.

He objects that the order adjudging him an insolvent, as well as various of the other orders made by the court, were not signed by the clerk and sealed with the seal of the court assuming to grant them; that they were not served by the sheriff; that he was denied a trial by jury upon the question of insolvency and upon the question of contempt; that he was denied bail; and, generally, that the Fourteenth Amendment was violated in his person, and that all of the various orders were made in violation of the Revised Statutes, §§ 1979, 763, 766.

There is not one judgment of any court to be found in the record. There is a statement in each of the records relating to the *habeas corpus* proceedings following the writ and return thereto, as follows: "Court order, October 26, 1893. Writ dismissed; prisoner remanded. Register 2 of Departments 1 to 10, page 249."

In one of the records four petitions for writs of *habeas corpus* are contained one after the other, and no action shown in regard to any petition excepting at the end of the fourth there is a statement similar to that which is above set forth as to the dismissal of the writ.

There is no record of any appeal being taken to any state appellate tribunal or of any review being had or attempted of the various so called court orders remanding the prisoner after a hearing upon the returns to the various writs, but the writs of error from this court are directed to the judges of the Su-

perior Court of the city and county of San Francisco, and they have been allowed by one of the judges of that court.

The fatal objection appears in each case that the so called court-orders made upon the returns to the several writs of *habeas corpus*, which were granted by a judge and returnable before him, do not constitute that final judgment or decree in a suit in the highest court of a State in which a decision in the suit could be had which may be reviewed on writ of error from this court under section 709 of the Revised Statutes of the United States. If these various orders did constitute such a final judgment, it does not appear in the record that any question arose in such a manner as would give this court jurisdiction to review the same under the above named section.

A general statement that the decision of a court is against the constitutional rights of the objecting party or against the Fourteenth Amendment, or that it is without due process of law, particularly when these objections appear only in specifications of error, so called, will not raise a Federal question even where the judgment is a final one within the section of the Revised Statutes above mentioned. There must be at least some color of a Federal question. *Hamblin* v. *Western Land Co.*, 147 U. S. 531.

In No. 160 of the above records, entitled *C. W. Mott and others* v. *Alfred Clarke*, in the Superior Court of the city and county of San Francisco, Department 10, the record opens with what is termed "specifications of error and prayer for reversal," in which it is stated that the action was commenced on the 2d of October, 1891, by filing a petition in the court, and that on the same day a mutilated portion of an attachment bond was filed in the same case, but that the bond was never approved by the judge, and that on the 6th of October, 1891, the respondent, Alfred Clarke, filed and served an objection to the bond, which objection is set forth. Then it is stated that no other bond was ever filed. An order to show cause then follows, ordering Clarke to show cause why he should not be adjudged an insolvent debtor, and restraining his transfer of any property in the meantime. This order is signed by one of the judges of the Superior Court. It would

appear that the order was served on the respondent personally and after such service it was filed, and was not served upon him after filing. The respondent thereafter objected to the jurisdiction of the court on the ground of absence of summons. The objection was overruled, subsequent proceedings were had, and on May 18, 1892, the respondent was adjudged an insolvent. The respondent claims that in the above proceedings he has been deprived of liberty and property without due process of law, and denied by the State the equal protection of the laws. He specifies the errors on which he will rely:

"(1) That the judgment complained of is null and void for want of jurisdiction and the court never obtained jurisdiction of his person, and therefore he has not been accorded due process of law.

"(2) That said judgment is made in violation of the fourteenth article, United States Constitution, and section 1979 of Revised Statutes of United States.

"Wherefore respondent prays that the said judgment may be reversed.

"This paper is made and filed *nunc pro tunc* as of May 10, 1894, by leave of court for good cause shown.

"(Signed)   ALFRED CLARKE,

"Respondent and Plaintiff in Error."

It is then stated that the foregoing bill of exceptions is allowed and authenticated as and for the transcript on writ of error from the United States Supreme Court to the Superior Court as provided by law. It is signed by a judge of the Superior Court. Upon such a record a writ of error is allowed, and the citation and return of the judges of the foregoing matters follows.

This is everything that is in the record. No pleadings, no judgment other than an allegation in what is called a bill of exceptions of an adjudication in insolvency, and the recital in such bill, of objections taken of the character above set forth, and from this proceeding in insolvency before one of the judges of the Superior Court of San Francisco the plaintiff in error sues out a writ of error from this court and claims the

right to review the proceedings (whatever they were) of the Superior Court of San Francisco County. The same objection (among others) applies to this that we have stated in regard to the other records.

There is no final judgment, such as is provided for in section 709 of the Revised Statutes of the United States, and there does not appear to have arisen any Federal question whatever.

We have carefully looked through these entire records, notwithstanding the mass of confusion which appears in all of them. We find nothing which shows that we have jurisdiction in the cases, and for these reasons the various writs of error must be

*Dismissed.*