SAMUEL SPROAT v. OTTO C. DURLAND.

(Filed July 30, 1898.)

APPEAL—*Insufficient Record.* A record which fails to contain a copy of the final order or judgment sought to be reviewed presents no question to this court for its determination, and the appeal will be dismissed.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Henry W. Scott, District Judge.*

*Amos Green & Son,* for plaintiff in error.

*J. H. Everest,* for defendant in error.

Action by Otto C. Durland against Samuel Sproat. From an alleged judgment, defendant brings error. Dismissed.

Opinion of the court by

BURFORD, C. J.:  This proceeding purports to be an appeal from a judgment rendered in the district court of Oklahoma county. Durland, the defendant in error, brought suit in ejectment against Sproat, who is plaintiff in error here. Sproat filed a cross-petition, in which he pleaded an equitable title in himself, and sought to have a resulting trust declared. A demurrer was sustained to the cross-petition, and it is averred that a judgment was rendered for Durland. The record consists of the original papers and a bill of exceptions. It appears from these papers that one trial was had before a referee, and on his report a judgment was rendered for Durland and against Sproat. But on motion of Sproat this judgment was set aside and vacated, and a second trial granted as

a matter of right. This action vacated all the proceedings had before the referee, and it can make no difference what errors occurred in that trial. The plaintiff in error is not affected by them, as a new trial was ordered by the court.

It appears that a second trial was had to the court, which resulted in favor of Durland. The judgment rendered on this second trial is the one plaintiff in error has attempted to appeal from. If any judgment was rendered on the second trial, we are not advised what it was. The only portion of the record before us which contains any of the proceedings of the court after the proceedings had before the referee were vacated is a copy of a journal entry, as follows:

"Otto C. Durland. v. Samuel Sproat. (No. 1,551.) Come now the plaintiff and defendant, by their counsel, and waive a jury and consent to a trial by court; and J. M. Owens is sworn and testified on behalf of plaintiff, and plaintiff and defendant rest; and judgment is rendered herein for the plaintiff and against the defendant, per journal entry; and defendant excepts to said judgment, and is given thirty days to make and serve a case-made for the supreme court, and ten days given to suggest amendments, and to be closed on five days' notice."

There is no certificate of the clerk that this is a copy of the judgment rendered in said cause, and it is not, and does not purport to be, a judgment. It is simply a recital of the fact that a judgment was rendered, and shows on its face that a journal entry was to be filed, showing what the judgment of the court was. It has frequently been held by appellate courts that the form of a judgment is not to be treated as fatal, if it appears that it was intended to be a judgment, and it can be determined whom the judgment was in favor of, and whom

against, and what the court ordered or decreed should be done, together with the amount of recovery, if there was a money judgment. But what is not intended for a judgment of the court cannot be treated as a judgment, and it is clear from what we have before us that the entry set out was not intended for the judgment of the court. This court will not review the proceedings of the trial court in any case, unless the record contains a copy of the final judgment or final order of the court from which the appeal is taken. (*Gardenhire v. Burdick,* this volume, p. 212, 54 Pac. 483.)

Inasmuch as the record in this case does not contain the judgment of the trial court in the case presented for review, we decline to pass upon the questions argued, and order the appeal dismissed at costs of plaintiff in error.

All of the Justices concurring.