## BOARD OF COMMISSIONERS OF CUSTER COUNTY v. ROBERT G. MOON.

### (Filed Feb. 11, 1899.)

1. APPEAL—*Brief—Insufficiency* of. A brief discussing simply abstract questions of law, without calling the attention of the court to any specific ruling or error committed by the trial court, is insufficient.

2. SAME—*Duty of Counsel.* It is the duty of counsel bringing cases to this court to comply with the rules of the court, and, upon failure so to do, this court will dismiss such cases.

3. CASE-MADE—*What Must Affirmatively Appear.* In order that a case may be reiewed in this court the case-made must show that a judgment or final order was rendered by the trial court, and this must affirmatively appear in the case-made, and a mere statement to that effect in the certificate of the judge is not sufficient.

4. JUDGMENT—*Void—Not Reviewed.* A judgment is a fixed and ultimate determination of the rights of the parties in an action. A judgment for the recovery of money must state the amount for which it was rendered; and hence a judgment rendered for ——— dollars, and costs, taxed at ——— dollars, is absolutely void, and cannot be reviewed in this court.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*John F. Stone,* for plaintiff in error.

*John I. Dille, H. A. Smith, C. O. Blake* and *E. E. Blake,* for defendant in error.

Action between the board of commissioners of Custer county and Robert G. Moon. From the judgment, the county commissioners bring error. Dismissed.

Opinion of the court by

HAINER, J.:  This case comes here on an appeal from the district court of Canadian county, on what purports to be a case-made.  The defendant in error objects to the consideration of this cause in this court, for the following reasons:  (1) That the brief filed by the plaintiff in error is indefinite, and points to no portion of the record, and no specific error is alleged to be shown thereby. (2) That the pages of the record are not numbered.  (3) That the case-made attached to the plaintiff's petition in error contains no statement or recital from which it could be inferred that all the pleadings and proceedings in the cause are shown therein.

Rule 4 of this court (5 Okla. v.) provides:  "Counsel shall file ten printed briefs in each case; six copies for the court, and four for the reporter and librarian.  The briefs must refer specifically to the page of the record which counsel desire to have examined."

Counsel for plaintiff in error has filed a brief as attorney for the counties of Custer, D, Day, Roger Mills, and Washita.  In his brief, counsel for the appellant discusses, in a very able and elaborate manner, the powers of the boards of county commissioners to incur indebtedness in these counties, the purposes for which such indebtedness may be created, and the federal limitation imposed upon the municipalities as to the amount of the indebtedness which they may incur.  A brief discussing simply abstract questions of law, without calling the attention of the court to any specific ruling or error committed by the trial court, is insufficient.

The second objection is that the pages of the record are not numbered.  Rule 3 of this court (5 Okla v.) provides:

"Counsel for appellant·or plaintiff in error shall number the pages of the petition in error, and the record, before filing the same." The record in this case appears to be a very voluminous document, but it fails to show that the petition in error is numbered, or even filed in this court; nor are the pages of the record numbered. It is the duty of counsel bringing·cases to this court to comply with the rules of the court, and, upon failure so to do, this court will dismiss such cases.

The third objection is that the case-made attached to the plaintiff's petition in error contains no statement or recital from which it could be inferred that all the pleadings and proceedings in the cause are shown therein. Upon a careful examination of the entire record, we are unable to find that the court rendered a judgment in the said cause, and there is no statement or recital in the case-made that a judgment was rendered. In order that a case may be reviewed in this court, the case-made must show that a judgment or final order was rendered by the trial court, and this must affirmatively appear in the case-made, and a mere statement to that effect in the certificate of the judge is insufficient.

In the case of *Gardenhire v. Burdick*, 7 Okla, 212, 54 Pac. 483, the court decided that a case-made which fails to contain a copy of the judgment or final order of the trial court presents no question to this court for review.

In *Sproat v. Durland*, 7 Okla. 230, 54 Pac. 458, Chief Justice Burford, speaking for the court, said: "It·has frequently been held by appellate courts that the form of a judgment is not to be treated as fatal, if it appears that it was intended to be a judgment, and it can be determined whom the judgment was in favor of, and whom against, and what the court ordered or decreed should be

·done, together with the amount of recovery, if there was a money judgment."

It appears from the record that there is a copy of what purports to be a journal entry in the case-made, which recites as·follows: "It is therefore ord<sup>e</sup>red, considered, and adjudged that plaintiff have and recover of and from the defendants the sum ·of————dollars, and his costs in this beh'alf laid out and expended, taxed at ——— dollars, ·to which judgment the defendants excepted."

The petition in error alleges that the defendant in error recovered a judgment against the plaintiff in error in a ·certain action then pending in the district court of Canadian county, but fails to· state what that judgment was, ·or the amount thereof. This was an action upon county warrants, and hence for the recovery of a money judgment. A judgment is a fixed and ultimate determination ·of the rights of the parties in an action. A judgment for ·the recovery of money must state the amount for which it was rendered, and hence a judgment rendered for ——— dollars, and costs, taxed at ——— dollars, is absolutely void, and cannot be reviewed in this court. (*School Directors v. Newman*, 47 Ill. App. 364; *Giddings v. Giddings*, 70 Iowa, 486, 30 N. W. 869; *Rigglesworth v. Reed*, 1 Iowa, 19; *Nichols v. Stewart*, 21 Ill. 106.)

For the reasons herein stated, the petition in error must ·be, and the same is hereby, dismissed.

Tarsney, J., having presided in the court below and Burford, C. J., having been of counsel, not sitting; all of the other Justices concurring.