## Ford v. McIntosh *et al.*

No. 795, Ind. T.   Opinion Filed November 11, 1908.

(98 Pac. 341.)

1.  APPEAL AND ERROR—Insufficient Record.   A transcript of the record which fails to contain a copy of the judgment or final order of the trial court from which the appeal is taken presents no question to this court for review.

2.  SAME—Record—Judgment Below.   Where the record contains no final judgment of the trial court, a statement by the trial judge in his certificate to the bill of exceptions that a judgment was rendered is insufficient to show any final judgment.

(Syllabus by the Court.)

*Error from the United States Court for the Western District of the Indian Territory at Muskogee; Wm. R. Lawrence, Judge.*

Application of Susie Ford for the removal of Jackson McIntosh, guardian of Samuel M. McIntosh, and another. From an order returning the children to the custody of the plaintiff and retaining defendant as guardian, plaintiff brings error. Dismissed.

On the 7th of March, 1906, defendant in error, defendant below, filed his petition in the United States court for the Western district of the Indian Territory at Muskogee for appointment as guardian of his two minor children, Nancy McIntosh and Samuel M. McIntosh, and he was thereupon appointed such guardian, and letters of guardianship were issued to him. On the 30th day of April, 1906, Susie Ford, plaintiff in error, plaintiff below, mother of said minors, filed her petition in said court, asking for the removal of defendant in error as guardian of said children. She alleged numerous grounds for removal, but it is not necessary to repeat them here. On May 7, 1906, the court referred the case to the probate commissioner to take evidence and report his findings of facts and conclusions of law thereon. The probate commissioner, after taking the evidence, reported his findings of fact and

conclusions of law in favor of plaintiff. On motion of defendant the probate commissioner's report was set aside and it is stated in the certificate of the judge to the bill of exceptions filed that judgment was rendered returning the custody of the children to plaintiff, but continuing defendant as guardian of the property of said minors. The case was taken by writ of error to the United States Court of Appeals in the Indian Territory, where the case was pending at the time of the admission of the state, and comes to this court for final disposition under the provisions of the enabling act.

*Watkins & Burlingame,* for plaintiff in error.
*W. S. Wolfenberger,* for defendant in error.

HAYES, J. (after stating the facts as above). The record in this case contains no copy of the judgment rendered in the trial court, and fails to disclose that any judgment was entered. That the record must show the rendition and entry in the lower court of the judgment, decree, or order appealed from is jurisdictional, and, where the record fails to contain a copy of the final judgment or order of the lower court from which appeal is taken, the appeal should be dismissed. *Gardenhire v. Burdick,* 7 Okla. 212, 54 Pac. 483; *Sproat v. Durland,* 7 Okla. 230, 54 Pac. 458; 2 Cyc. 1029. and authorities there cited. The certificate of the judge to the bill of exceptions recites that the motion of defendant to set aside the report of the probate commissioner was sustained; and that an order continuing the defendant as guardian of said minors, so far as the property was concerned, was made by the court on or about the 1st day of August, 1906. The certificate to the bill of exceptions, containing this statement was signed on September 30, 1906. This statement in the certificate to the bill of exceptions, however, is insufficient to supply the defect of the record resulting from the failure to set out in the record proper the judgment or order appealed from. *In re De Leon's Estate* (Cal.) 35 Pac. 309; *In re C. E. Spencer,* 61 Mo. 375; *Gray v. Singer,* 137 Ind. 257,

36 N. E. 209, 1109; *Clarke v. McDade*, 165 U. S. 168, 17 Sup. Ct. 284, 41 L. Ed. 673.

Since the record in this case presents no order or judgment of the trial court for review, we decline to consider and pass upon the questions argued in plaintiff in error's brief and it is ordered that the appeal be dismissed at the cost of plaintiff in error.

All the Justices concur.