## MEADORS v. JOHNSON.

No. 345.    Opinion Filed January 11. 1910.

**APPEAL AND ERROR—Record of Judgment—Necessity—Dismissal.**
A record which fails to contain a copy of the final order or judgment sought to be reviewed and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination and the appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Seminole County; A. T. West, Judge.*

Action between L. D. Meadors and J. Coody Johnson. From the judgment Meadors brings error. Dismissed.

*J. A. Baker,* for plaintiff in error.
*Crump, Rogers & Harris,* for defendant in error.

DUNN, J.   This case presents error from the district court of Seminole county.   The record consists of a purported case-made regularly served, signed, authenticated, and filed.   While counsel seeks to secure the reversal of a judgment of the trial court, the record contains no copy of the same, and it is not made to appear that the same is of record in the trial court.   Counsel for defendant in error contend that on this account the case should be dismissed.   This question has been passed on a number of times by the Supreme Court of Oklahoma Territory and the uniform holding seems to be that, in the absence of a judgment shown in the record, there is nothing presented to this court for its determination.  *Gardenshire v. Burdick,* 7 Okla. 212; *Sproat v. Durland,* 7 Okla. 230; *Board of Commissioners of Custer County v. Moon,* 8 Okla. 205; *Deny v. Wright et al.,* 13 Okla. 256; and *Brown v. Territory,* 15 Okla. 362.   In March, 1905, and prior to the decision of the case last cited, the Legislature of the territory of Oklahoma passed an act providing, in substance, that if after any record or case-made is filed in the

Supreme Court it shall appear that any matter which is of record in the court from which the appeal is taken touching the case appealed is omitted from the record or case-made, the Supreme Court may of its own motion, or on the 'motion of any party to such cause, have such omitted parts prepared under the direction of the trial judge and file such correction in the Supreme Court, with like force and effect as though such corrected or added parts had been originally incorporated in the record or case-made when first filed in the Supreme Court, and no appeal shall be dismissed by reason of such omission until an opportunity is had to supply the same. (Session Laws, 1905, art. 4, chap. 28, p. 322.) The record before us does not show any final judgment was ever rendered in the case or is of record in the trial court, and in the absence of the same the case will of necessity be dismissed. *Bettis v. Cargile et al.*, 23 Okla. 301, 100 Pac. 436.

All the Justices concur.