KANSAS CITY, M. & O. RY. CO. v. FAIN.

No. 1796.    Opinion Filed April 9, 1912.

Rehearing Denied June 25, 1912.

(124 Pac. 70.)

1.    APPEAL AND ERROR—Review—Case-Made.    Where the case-made does not contain a recital to the effect that the record contains all the evidence introduced at the trial of the cause, this court will not review any question which requires an examination of all the evidence in order to correctly determine the same.

2.    SAME—Record—Dismissal.    A record which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination, and the appeal will be dismissed.

(Syllabus by Robertson, C.)

*Error from District Court, Custer County;
James R. Tolbert, Judge.*

Action by Zeona May Fain against the Kansas City, Mexico & Orient Railway Company. Judgment for plaintiff, and defendant brings error. Dismissed.

*John A. Eaton, D. W. Eaton, H. T. Eaton,* and *Fred B. Mertsheimer,* for plaintiff in error.

*A. J. Welch* and *R. J. Shive,* for defendant in error.

Opinion by ROBERTSON, C.    Counsel for defendant in error insist that the alleged errors complained of in the petition in error cannot be inquired into by this court, for that the case-made contains no recital or averment that it contains all the evidence introduced at the trial. An examination of the case-made discloses the fact that there is no such recital or certificate therein. There is a certificate by the stenographer and the certificate of the trial judge, but this court time and again has held that neither is sufficient for the above purpose. In *Gaffney v. Stanard et al.,* 31 Okla. 541, 122 Pac. 510, an opinion by Mr. Justice Williams, it is said:

"In order to consider the questions sought to be reviewed by the plaintiff in error, it is essential to examine the evidence heard by the trial judge. The defendants in error in their brief, however, contend that the evidence cannot be considered by this court, as the case-made does not contain a positive averment by the way of recital that it contains all the evidence introduced or submitted on the trial of the cause. Where such a recital in the case-made is lacking, it has been time and again held by this court that it will not review any question depending upon the facts for its determination."

See, also, in support of this rule, *Tootle, Wheeler & Motter Merc. Co. v. Floyd,* 28 Okla. 308, 114 Pac. 259; *Wagner v. Sattley Mfg. Co.,* 23 Okla. 52, 99 Pac. 643; *Crocker v. Shamleffer,* 18 Okla. 407, 90 Pac. 643; *Board of Com'rs D. Co. v. Wright,* 8 Okla. 190, 57 Pac. 203.

We are therefore precluded from an investigation of the alleged errors above referred to, and the same will receive no further consideration at our hands.

There are, however, assignments of error that are not affected by this defect in the case-made, but which we cannot consider, for that a minute examination of the record herein fails to disclose any final judgment in this case, nor does it appear that there is any such of record in the trial court. Consequently no question is presented to this court for determination, and the appeal must be dismissed. *Meadors v. Johnson,* 27 Okla. 543; *Bettis v. Cargile et al.,* 23 Okla. 301, 100 Pac. 436; *Brown v. Territory,* 15 Okla. 362, 82 Pac. 647; *Denny v. Wright et al.,* 13 Okla. 256, 74 Pac. 104.

For the reasons given the appeal herein should be dismissed. By the Court: It is so ordered.