MOBLEY, *Adm'x.,* v. CHICAGO, R. I. & P. RY. CO.

No. 3934. Opinion Filed December 1, 1914.

On Rehearing January 9, 1915.

Second Rehearing Denied February 9, 1915.

(145 Pac. 321.)

1. **APPEAL AND ERROR—Perfecting Appeal—Dismissal.** The party desiring to have a judgment or order reviewed by the Supreme Court must prepare and serve his case-made on the opposite party within three days after the judgment or order is entered; and, unless the case is served within that time or

within an extension of time allowed by the court or judge within such time, the case will not be considered in this court.

2.    **SAME—Case-Made—Extension of Time—Validity.** A purported order of the trial judge extending the time in which to make and serve a case-made is without force, where the case-made fails to show affirmatively that such order was made and is entered of record.

3.    **SAME—Presentation for Review—Record—Dismissal.** A record which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination, and the appeal will be dismissed.

(Syllabus by Galbraith, C.)

*Error from District Court, Pottawatomie County;*

*Chas. B. Wilson, Jr., Judge.*

Action by Anna B. Mobley as administratrix, against the Chicago, Rock Island & Pacific Railway Company. Demurrer to plaintiff's evidence sustained, and she brings error. Dismissed.

*H. H. Smith* and *W. T. Williams,* for plaintiff in error.

*R. J. Roberts, W. H. Moore,* and *J. W. Shartel,* for defendant in error.

Opinion by GALBRAITH, C.   The plaintiff in error, a sister of John G. Mobley, deceased, commenced this action in the trial court to recover damages for his wrongful death, charged to have been caused by the negligence of the defendant in error, its servants and employees. At the close of the evidence on behalf of the plaintiff a demurrer was interposed thereto and sustained. It is sought by the appeal to have that order reviewed. The recitals of the case-made relative to this order are as follows:

"That thereafter on the 10th day of June, 1911, it being one of the regular judicial days of the regular June, 1911, term of the district court of Pottawatomie county, the plaintiff rests, and closes its case, whereupon the defendant files its demurrer

to the evidence of the plaintiff, which demurrer is in words and figures as follows, to wit: 'Mr. Low: Comes now the defendant and demurs to the evidence of the plaintiff herein, at the conclusion of the same, for the reason that it, together with all reasonable inferences therefrom, is insufficient to prove a cause of action under the allegations of the petition herein; and for the further reason that the evidence offered by plaintiff does not show a state of facts which will sustain a cause of action in favor of the next of kin dependent upon the said John Guy Mobley.' Thereupon Mr. Smith asks leave of court before the demurrer was considered by the court to file the following amendment, which by leave of court was granted, and the defendant thereupon withdrew his said demurrer. The said amendment to the plaintiff's petition is as follows: 'Comes now the plaintiff at this time and asks leave of the court to amend the amended petition of plaintiff by adding, after the amendment, the following words: "That at this time the deceased, Guy Mobley, was injured, from which injuries he died, he was engaged in the employment of and riding on a switch engine of the defendant, to which switch engine he was attached as switchman at said time, and working in aid of an interstate passenger train of the defendant, which said switchman at said times was engaged in interstate commerce between the states of Oklahoma and Arkansas, to wit, it was moving over a switch which connected the tracks of the Chicago, Rock Island & Pacific Railway Company, and the tracks of the Atchison, Topeka & Santa Fe Railway Company, for the purpose of meeting and assisting over said connecting track passenger train No. ——, then moving and in transit from the state of Arkansas into the state of Oklahoma, and over said track and through the city of Shawnee, where was located said track in said state; and defendant was engaged in the operation of said train, and at said time, of intrastate and interstate commerce."' The court thereupon permitted and gave leave for the plaintiff to file the said amendment without objection on the part of the defendant. Thereupon defendant renewed its demurrer to the evidence of the plaintiff for the reason that the facts proven and all reasonable inferences drawn therefrom are insufficient to sustain a verdict in favor of the plaintiff, and for the further reason that the plaintiff is not a dependent within the meaning of the statute. Which demurrer was by the court thereupon sustained, to which ruling of the court the plaintiff excepts. The defendant thereupon asks judgment on the demurrer of the defendant to

the plaintiff's evidence. Thereupon the court granted judgment upon the demurrer of the defendant, to which ruling the plaintiff excepts. Which order is—"

A motion is presented in this court to dismiss the appeal: First, because the purported case-made does not show that judgment was rendered or entered. Second, because the purported case-made contains no final order of the court overruling the motion for a new trial. Third, because the purported case-made was not filed within the extensions allowed by the court, as shown by the records of the clerk's office. Fourth, because the plaintiff in error has exhausted her advance cost deposit in this court, and has neglected and refused to make additional cost deposit or put up satisfactory cost bond with the clerk.

At least three of the grounds of this motion seem to be well taken. There is no journal entry of judgment in the record of the court's ruling on the demurrer to the evidence, nor is there a journal entry of the judgment in favor of the defendant and against the plaintiff for costs, as would naturally follow the court's order in sustaining the demurrer to the evidence. This seems to be a fatal defect in the record, as would appear from the following authorities: *Gardenhire v. Burdick,* 7 Okla. 212, 54 Pac. 483; *Sproat v. Durland,* 7 Okla. 230, 54 Pac. 458; *Commissioners v. Moon,* 8 Okla. 205, 57 Pac. 161; *Denny v. Wright & O'Rourke,* 13 Okla. 256, 74 Pac. 104; *High v. United States,* 14 Okla. 399, 78 Pac. 100; *Brown v. Territory of Oklahoma,* 15 Okla. 362, 82 Pac. 647; *Ford v. McIntosh,* 22 Okla. 423, 98 Pac. 341; *Meadors v. Johnson,* 27 Okla. 543, 117 Pac. 198; *Kansas City, M. & O. Ry. Co. v. Fain,* 34 Okla. 164, 124 Pac. 70; *Olentine v. Powell,* 23 Okla. 363, 100 Pac. 556.

In the last case above cited, Chief Justice Hayes, speaking for the court, says:

"An examination of the case-made discloses that it contains no copy of any final judgment or order of the court below upon the issues before it, and from the recitals in the record it appears that no final order or judgment has been made. At most, the case-made fails to show that any judgment or final order was rendered by the trial court upon the issues before it. The

matters quoted from the case-made above would constitute a finding of the fact upon the issues before the court, but do not constitute any order thereupon. Where the case-made to be reviewed by this court fails to show that a judgment or final order was rendered by the trial court, or fails to contain a copy of such judgment or final order, such case-made presents nothing to this court for review, and cannot be considered."

Again, the third ground of the motion, that the case-made was not served and filed within the extension allowed by the court, as shown by the records, likewise seems to be well taken. The order on the demurrer was made on the 6th day of November, 1911, and on that day the time for making and serving case-made was extended for 90 days. This order would permit the case-made to be served at any time prior to February 5, 1912. There appears in the case-made an order under date of January 19, 1912, extending the time for serving the case-made 30 days additional to the 90 days above mentioned; but the record fails to show that this order was filed with the clerk of the trial court or ever became a part of the record in the case. The case-made was not served upon the defendant in error until March 4, 1912.

In the case of *Fife v. Cornelius*, 35 Okla. 402, 124 Pac. 957, the second paragraph of the syllabus reads as follows:

"A purported order of the trial judge extending the time in which to make and serve a case-made is without force where the case-made fails to show affirmatively that such order was made and is entered of record."

In the instant case the record fails to show that this order of January 19, 1912, purporting to extend the time for serving the case-made, was ever filed or entered of record in the trial court, and it is therefore without legal force or effect. This third ground is sufficient alone to justify the court in granting the motion to dismiss the appeal. The record was filed in this court on May 4, 1912, and it is now too late to supply the defects in the record above referred to.

The motion to dismiss is well taken and should be sustained. We recommend that the appeal in this case should be dismissed.

## On Rehearing.

The grounds urged for rehearing are: (1) That the journal entry of judgment was actually made and filed in the trial court and was omitted therefrom through inadvertence or mistake—attaching a copy thereof certified by the clerk of the trial court; (2) that the order of January 19, 1912, extending the time for making and serving the case-made, was actually filed in the trial court—attaching a copy thereof duly certified by the clerk; (3) that "an application" was prepared and mailed to the clerk of this court prior to the decision dismissing the appeal, but was not filed because plaintiff in error's cost deposit was exhausted.

It will be observed that no effort has been made in the preparation of this petition to comply with the requirements of rule 9 (38 Okla. vi, 137 Pac. ix) of this court governing petitions for rehearing, and that none of the reasons set out in the petition are recognized grounds for rehearing.

It appears from the record in this case that the motion to dismiss the appeal was regularly served, prior to the time the cause was set down for argument and submission, and an argument in support of the motion was made in the defendant in error's brief; that on the day the cause was set down for argument at the October, 1914, term, counsel for the defendant in error appeared and made an oral argument in support of the motion to dismiss. Counsel for the plaintiff in error did not appear and made no written response to the motion. The cause was regularly submitted, and on December 1, 1914, an opinion was handed down sustaining the motion and dismissing the cause. On December 7, 1914, counsel for the plaintiff in error filed a petition for rehearing on the grounds above set out. While the reasons therein set out are not recognized grounds for a rehearing, if they had been made in response to the motion to dismiss and in the proper time they would have received the careful consideration of the court; but, presented at this time

and in this manner, they are not entitled to consideration. Counsel do not attempt to offer any excuse for their failure to make response to the motion to dismiss, nor for their failure to appear in court on the day the cause was set down for argument, nor to show why they permitted the cost deposit with the clerk of this court to become exhausted so that no papers in the cause could be properly filed. Such attitude of counsel does not appeal to the indulgence of the court. If counsel do not take enough interest in their cases to make a reasonable effort to comply with the rules of court, which are formulated for the purpose of facilitating the dispatch of business before it, they come in ill form asking something by grace to which they are not entitled as of right.

The petition for rehearing is denied, and the original opinion filed herein adhered to in all respects.

By the Court: It is so ordered.