**John R. EMERSON, Plaintiff in Error,**

**v.**

**Sidney LEWIS and Marie Lewis, his wife, Defendants in Error.**

**No. 36335.**

Supreme Court of Oklahoma.

Sept. 28, 1954.

B. C. Franklin, Tulsa, for plaintiff in error.

E. J. Doerner, Tulsa, for defendants in error.

WILLIAMS, Justice.

Plaintiff, John R. Emerson, brought this action against defendants, Sidney Lewis and Marie Lewis for the rescission of a real estate contract. Defendants filed an answer controverting plaintiff's allegations and also filed a cross-petition in which they sought judgment against plaintiff for damages for allegedly fraudulent conduct on his part. A trial was had to the court on September 18, 1953, on plaintiff's petition and defendants' answer, the issues raised by defendants' cross-petition being reserved for future determination by the jury. At the conclusion of the trial the court announced certain findings and issued certain orders which were later reduced to writing in an instrument styled "Journal Entry of Judgment" and filed in the case. Plaintiff filed a motion for new trial, which was overruled on October 3, 1953, and now appeals to this court.

Defendants contend that the so-called judgment herein is not a final judgment or final order and therefore not appealable and that the appeal should be dismissed. Upon consideration of the "judgment" in question, we are of the opinion that the contention is well taken.

It should be noted that the relief sought by plaintiff consisted of rescission of the contract and recovery of possession of the premises. The judgment or order of the trial court neither granted nor denied the relief sought. Instead, the judgment orders the plaintiff to deliver an abstract of title for examination, and contains the following provision:

"(e) That should the plaintiff fail, neglect and refuse to deliver to the clerk of this court an abstract of title covering said premises, within the time and as required by this decree, judicial cancellation or forfeiture of said contract *will be denied and judgment will be rendered* in favor of the defendants and against the plaintiff, denying the

plaintiff the relief sought in his amended petition *upon a showing being made* by defendants that plaintiff has not complied thereunder." (Emphasis added.)

The "judgment" also orders plaintiff to execute and deliver to the defendants a warranty deed upon the defendants paying into the office of the court clerk the sum of $1801.60, but it does not require the defendants to pay such sum and makes no provision for what is to happen should defendants fail to pay such sum. The "judgment" then concludes with the following provision:

"The court reserves jurisdiction to make and enter further order and decrees upon the failure of the parties to carry out and fulfill the directions of the court as herein contained."

Under the statutes of this state, so far as applicable here, an appeal may be taken to this court from a judgment or a final order. 12 O.S.1951 § 952. A judgment is defined as the final determination of the rights of the parties in an action. 12 O.S. 1951 § 681; Board of Commissioners of Custer County v. Moon, 8 Okl. 205, 57 P. 161. A final order is defined as follows:

"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed as provided in this article." 12 O.S.1951 § 953; Wells v. Shriver, 81 Okl. 108, 197 P. 460.

An exhaustive review of the question may be found in Wells v. Shriver, supra, and under the rule therein set forth and the definitions above quoted, we think it clear that the so-called "judgment" in question is neither a "judgment" nor a final order and is therefore not appealable. As was said in Foreman v. Riley, 88 Okl. 75, 211 P. 495, this journal entry did not dispose of all the issues in the case, and cannot be construed to rise to the dignity of a "judgment".

Other contentions are raised by the parties, but in view of our disposition of the case it becomes unnecessary to pass on them.

Appeal dismissed.

HALLEY, C. J., and JOHNSON, V. C. J., and CORN, DAVISON and BLACKBIRD, JJ., concur.