### SCOTT v. RYAL et al.

No. 9642—Opinion Filed Feb. 24, 1920.

Rehearing Denied March 30, 1920.

(Syllabus by the Court.)

**Indians—Inheritance of Creek Lands—Homestead Rights of Noncitizen Heirs.**
The right to inherit the lands of the Creek Nation conferred upon the citizens thereof by the proviso of section 6 of the Supplemental Creek Agreement is not burdened by any homestead right of noncitizen heirs, created by the Constitution and laws of the state.

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by Emma Ryal and others against Roy Scott. Judgment for plaintiffs, and defendant brings error. Affirmed.

Shartel, Dudley & Shartel, for plaintiff in error.

Wm. A. Collier, Geo. Miller, Jr., and Herbert E. Smith, for defendants in error.

KANE, J.  This was an action for the recovery of land, commenced by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be called "plaintiffs" and "defendant," respectively, as they appeared in the trial court. The plaintiffs were the brothers and sisters of Hallie Scott, nee Ryal, a duly enrolled half-blood Creek Indian, who died intestate without issue on the 16th day of October, 1915.  The land involved constitutes the homestead and surplus allotments of Hallie Scott.  The claim of the plaintiffs is that they are entitled to the land by inheritance as citizens of the Creek Nation as against the defendant, the white noncitizen husband of the allottee. Upon trial to the court there was judgment for the plaintiffs, to reverse which this proceeding in error was commenced.

The grounds for reversal relied upon are stated by counsel for defendant in their brief as follows:

(1)  "Upon the death of the allottee, after statehood, seized and possessed of her allotment, intestate and without issue, her sur-

viving noncitizen husband, the plaintiff in error here, inherited an undivided one-half interest therein, under the law of descent and distribution of Oklahoma.

(2)  "At the time of the death of the deceased allottee, and for some time prior thereto, she and her husband, the plaintiff in error, were living upon, using, and occupying her allotment as a homestead, and upon her death her surviving noncitizen husband had a right to continue to use and occupy her allotment as a homestead during his lifetime, and even though the brothers and sisters of the deceased allottee inherit the same, they do so subject to the homestead right of the surviving noncitizen husband."

In a reply brief and in oral argument, counsel concede that their first proposition has been finally decided contrary to their view in the late case of Campbell v. Wadsworth et al., 248 U. S. 169, so that question is now out of the case.

On the other hand, counsel for the plaintiffs say that both grounds for reversal have been decided adversely to the defendant in the case just cited, and that it is now definitely settled that a noncitizen husband of a citizen wife, neither as heir nor by virtue of the marital relations, has any right, either by homestead or otherwise, in the lands of the Creek Nation, as against citizen heirs. While the Campbell case, supra, is not precisely in point on the second point, we believe that by analogy it sustains this view of the law.

In the Campbell case it was held that neither the enrolled Creek widow of an enrolled Seminole Indian, nor the daughters of such mixed marriage, born prior to December 31, 1899, who were also enrolled in their mother's tribe, can claim any rights to the husband and father's share of the Seminole lands allotted to him after his death, which was subsequent to that date, since they were not "Seminole citizens" within the meaning of the Seminole Agreement approved by the Act of June 2, 1900.

The rule announced in this case has been followed and held to be applicable to the Creek Nation in similar circumstances in the case of Bruner v. Oswald, 72 Oklahoma, 178 Pac. 693.

Counsel for defendant, in their brief and oral argument, devoted considerable space and time to defining the nature of the homestead interest in land created by the state Constitution and statutes, and reach the conclusion that inasmuch as it cannot, in an absolute sense, be said to be an estate in the land, the recognition of the right in the instant case would not interfere with the plaintiff's right of inheritance, pursuant to

section 6 of the Creek Supplemental Agreement.

In our judgment the precise nature of the right is not so material.

Section 6328, Rev. Laws 1910, of the state statutes provides that, upon the death of either husband or wife, the survivor may continue to possess or occupy the whole homestead. This is the right now contended for by the defendant. In our judgment, to concede this substantial right to the defendant would be subversive of the well-known purpose of Congress in passing section 6 of the supplemental agreement, protecting the right of citizens of the Creek Nation to inherit the lands thereof, to the exclusion of noncitizen heirs.

For the reasons stated, the judgment of the court below is affirmed.

RAINEY, V. C. J., and PITCHFORD, JOHNSON, McNEILL, and BAILEY, JJ., concur.