Note.—See under (1) 28 Cyc. pp. 1664 (Anno), 1667. (2) 28 Cyc. pp. 1664 (Anno) 1667.

---

**SMITH et al. v. FASH, County Supt.**

No. 16632—Opinion Filed Dec. 14, 1926.

(Syllabus.)

**Appeal and Error—Requisite Contents of Record—Notice of Appeal.**

Notice of intention to appeal to the Supreme Court shall be given in open court at the time the judgment or order appealed from is rendered or made, or within ten days thereafter by the party desiring to appeal as required by section 782, Comp. Stat. 1921, and unless such notice is shown in the record, this court does not acquire jurisdiction to hear the appeal.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action between O. H. Smith et al. and Edna E. Fash, County Superintendent of Public Instruction of Woods County. Judgment for defendant, and plaintiffs appeal. Dismissed.

A. J. Stevens and H. A. Noah, for plaintiffs in error.

E. W. Snoddy, for defendant in error.

PER CURIAM. Plaintiffs in error were plaintiffs in the trial court, and the defendant in error was defendant below. Parties will be referred to as they appeared below.

This cause was submitted to the trial court without intervention of the jury, and at the conclusion of the testimony and upon motion of plaintiff for judgment, the court made the following pronouncement:

"Now the court finds * * * judgment will be for the defendant. Motion for new trial is overruled by the court. To which action of the court plaintiff excepts and moves for time in which to make and serve case-made for the Supreme Court from the judgment herein and moves the court for a fixing of a supersedeas bond in appeal. Thirty, ten and five days are given in which to make, serve, settle and sign the case. Supersedeas bond is fixed at $500, to be made and filed with the court clerk within 20 days. In the meantime execution for judgment is superseded."

The clerk's minutes of the record of this case in the trial court recite:

"Judgment rendered in favor of defendant and against plaintiff refusing permanent injunction herein.

"Motion for new trial filed this date. Motion for new trial argued and overruled and exception saved by plaintiff.

"Application for plaintiff for extension of time to make, serve, settle case-made for Supreme Court. Notice given in open court by plaintiff of his intention to appeal from decision herein to Supreme Court."

There is no further order or journal entry disclosed by the record. The pronouncement of the court and the minutes of the court clerk, as above set forth, are all that is contained in the record concerning the judgment, the order overruling motion for a new trial, and notice of appeal.

The minutes of the court clerk are no part of the record, and the recital therein of notice to appeal, in the absence of any other record, is insufficient to show a compliance with section 782, Comp. St. 1921, in respect to notice of intention to appeal.

In Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067, the rule is laid down by this court as follows:

"Where the record does not contain an order of the court overruling a motion for new trial, a mere recital (in the case-made) that the motion for new trial was in fact overruled and exceptions allowed, is insufficient in the absence of such order, and there is nothing properly before this court for review."

Under this rule the court clerk's minutes are eliminated from consideration, and in the case of Singer v. Ooley et al., 112 Okla. 28, 239 Pac. 594, this court laid down the rule:

"Where the record shows that a motion for a new trial was necessary, that same was filed and overruled and exception saved, and no notice of intention to appeal was given as provided by section 782, O. S. 1921, no jurisdiction to hear the appeal on the merits is conferred on this court."

The plaintiffs insist in their response that they can be heard in this court on transcript. An examination of the petition in error discloses that no error is assigned that may be examined by transcript. We therefore conclude that this court is without jurisdiction to hear this appeal, and the same is hereby dismissed.

Note.—See 3 C. J. p. 1232, §1336; 4 C. J. p. 566 (Anno), 567, §2380.