## CITY OF TULSA v. KAY et al.

No. 17268—Opinion Filed April 19, 1927.

(Syllabus.)

**Appeal and Error—Review—Record—Order Overruling Motion for New Trial.**

Where the record does not contain an order of the court overruling a motion for new trial, a mere recital (in the case-made) that the motion for new trial was in fact overruled and exceptions allowed, is insufficient, and in the absence of such an order (in the journal) there is nothing properly before the court for review.

Error from District Court, Mayes County; Fred A. Speakman, Judge.

Action by the City of Tulsa to condemn land. From a judgment of the trial court, based on jury verdict, finding and awarding owners, W. E. and Annie V. Kay, value of land condemned, the City of Tulsa appeals. Appeal dismissed.

H. O. Bland, Harry Halley, W. B. Robinson, and Langley & Langley, for plaintiff in error.

Harry Seaton and Leahy & Brewster, for defendants in error.

RILEY, J. Herein is presented an appeal from a judgment of the district court of Mayes county wherein the parties occupied positions reverse to their order here. It was a condemnation action and involved land sought to be used in furtherance of the "Spavinaw Water Supply Project," and the same is a continuation of the action as pre-

sented to this court in cause No. 14514, wherein the judgment of the trial court was reversed and remanded, with directions to grant the petitioner a new trial and to judicially determine what, if any, of the lands sought to be condemned above the high water line were necessary for the purpose of protection of petitioner's water supply and reservoir.

Upon further hearing the trial court found that all of the lands sought to be condemned in plaintiff's original petition should have been condemned, appraisers were reappointed, and on September 29, 1924, an order of condemnation was entered affecting portions of tracts 9 and 20, which the court had refused to condemn in the original application. The trial court held that the value of the property in question should be fixed as of January 27, 1925, the same being the date the award of the appraisers was deposited in court. The final judgment of the court was based upon the verdict of a jury awarding plaintiff. Kay $3,000 for tract No. 20. and $291.25 for his 2-21sts interest in 5.28 acres referred to as tract No. 9. From the judgment this appeal is sought to be lodged.

Attention is called to the fact that the case-made contains no order of the court overruling the motion for a new trial. The case-made contains only a recital in the clerk's minutes concerning the action on the motion for a new trial.

The identical question was before this court in Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067, wherein this court said:

"Where the record does not contain an order of the court overruling a motion for new trial, a mere recital (in the case-made) that the motion for new trial was in fact overruled and exceptions allowed, is insufficient, and in the absence of such an order (in the journal) there is nothing properly before this court for review."

And therein the rule was reiterated that:

"An order of the trial court overruling motion for new trial must be made with the same solemnity as a judgment on the merits, and a mere recital in the clerk's minutes, as in the case at bar, which finds its way into the case-made, cannot be substituted for such an order, or supply the defect for failure to make it."

A court of record acts by its records. Such a court hears arguments upon its records; it decides upon its records; it acts by its records; its openings and sessions and adjournments can be proved only by its records; its judgments can only be evi-

denced by its records—in a word, without its records it has no vitality. The acts of a court of record are known by its records alone and cannot be established upon matters within its jurisdiction by counter evidence. What shall comprise the records of such a court in this jurisdiction is provided by statute, section 685, Compiled Oklahoma Statutes, 1921. The court here speaks through its journal, and when the journal is silent as to any act upon which jurisdiction on appeal depends, the appeal must be dismissed. 7 R. C. L. 1017. To hold otherwise would be to permit functionaries to run the court. Morris v. Caulk, 44 Okla. 342, 144 Pac. 623.

The appeal is dismissed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER. CLARK, and HEFNER, JJ., concur.

HARRISON and HUNT, JJ., absent, not participating.

Note.—See 4 C. J. p. 162, §1769.