[Civ. No. 5949.   First Appellate District, Division Two.—November 15, 1927.]

## SARAH M. BURNSTEIN et al., Respondents, v. FRANK SIMMONDS et al., Appellants.

D. Joseph Coyne for Appellants.

Hahn & Hahn for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action against the defendants to recover on a promissory note. The defendants appeared and answered and also filed a cross-complaint. The cross-complaint was answered and a trial was had in the trial court before the court sitting without a jury. The trial court made findings responsive to each and all of the issues and ordered judgment for the plaintiffs. From a judgment entered thereon the defendants have appealed and have brought up a bill of exceptions.

The defendants contend that on the findings as made the judgment should have been in their favor. That contention is based on facts which we will proceed to recite.

On the twenty-eighth day of November, 1917, Vernon Cruikshank delivered to John W. Sharpe his promissory note in the sum of $6,000, due ninety days thereafter, with interest at eight per cent, and pledged as security for the payment thereof 5,000 shares of the capital stock of the Tungsten Mines Company. Said note was indorsed on the reverse side by John W. Sharpe, Frank Simmonds, E. J. Genereux, and Elmer Cole, and thereafter it was delivered to D. W. Glenn together with the collateral security. On December 6, 1920, that note had not been paid and the parties interested entered into such agreements that on said date a promissory note was signed which was as follows:

"No....... Corona, California, December 6th, 1920.

"On or before 3 years after date for value received, I, we or either of us promise to pay to D. W. Glenn or order, at The First National Bank of Corona, California, six thousand and no/100 Dollars, with interest, payable quarterly, at the rate of seven per cent per annum from date until paid, and attorney's fees of ten per cent on the amount then unpaid, if suit be commenced or other proceedings taken to enforce the payment of this note.

"$6,000.00 balance prin.

"Should the interest not be paid when due, it shall be compounded monthly thereafter, and bear the same rate of interest as the principal, and thereafter the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest payable in gold coin of the United States of America of the present standard. The makers and endorsers of this note hereby waive diligence, demand, protest and notice.

"Signed:               "FRANK SIMMONDS,
                        "ELMER E. COLE,
                        "ETHEL I. GENEREUX,
                        "E. J. GENEREUX."

That note was delivered to the payee and there was a collateral agreement that if the interest for the ensuing

six months was duly paid according to the terms of the note that then and in that event the note dated November 28, 1917, would be surrendered to the makers. The interest was so paid; however, the note dated November 28, 1917, was not, after the interest had been so paid, returned to the makers thereof. The indorsers have not received it and the payee is not in possession of it and does not know where it is, and he has not refused to deliver it to the indorsers or either of them. D. W. Glenn assigned, indorsed, and transferred the note dated December 6, 1920, to C. F. Baldauf and Annie Baldauf, and prior to the beginning of this action they assigned unto Sarah M. Burnstein all of their interest. The plaintiff Citizens Trust and Savings Bank had an interest in said note as pledgee, but prior to the trial of this action said interest ceased and at the time the judgment was rendered it had no interest therein.

The plaintiff Sarah M. Burnstein purchased said note in good faith, prior to its maturity, and without notice of defendants' claims, and paid therefor property of the reasonable value of $6,000. Neither plaintiff Sarah M. Burnstein nor her assignors, C. M. Baldauf and Annie Baldauf, nor either of them, had any knowledge of the claims, demands, or equities of defendants against the note in suit prior to the time that plaintiffs acquired their interest therein.

The defendants point to the collateral agreement that the note dated November 28, 1917, was to be returned to the makers when the interest on the note in suit had been paid for the ensuing six months, etc., and thereupon they strenuously maintain that they have never become liable on the note in suit. They contend in this behalf that this action was premature, that the novation must be complete, that there was no consideration for the note upon which this action was brought, that there is no evidence to sustain the judgment, and that the note dated November 28, 1917, being lost, must be legally accounted for and defendants protected before action brought. The plaintiffs reply that as the note in suit was a negotiable instrument, and as the plaintiffs had no knowledge whatever of the collateral agreement above mentioned until long after Sarah M. Burnstein purchased the note, and as

Sarah M. Burnstein bought the note in good faith before maturity and for full value, to wit, property of the reasonable value of $6,000, that under these circumstances the defendants may not assert, as against these plaintiffs, the defense above delineated. In making this reply they are sustained by the statute. (Civ. Code, sec. 3138.) They also argue that under the facts the defendants have not been damaged or inconvenienced by the failure of the payee to deliver the Cruikshank note for several different reasons which they proceed to state. In their reply brief the defendants do not attempt to cite any authorities showing that they may interpose in this action, as against these plaintiffs, the defense which they claim. However, they content themselves by citing authorities that have to deal with the rights of the original parties to negotiable instruments, or which involved contracts which were not negotiable instruments.

Under the findings as made by the trial court the judgment was clearly correct. Except as we have noted, there is no contention that the findings are not supported by the evidence.

It follows that the judgment should be affirmed. It is so ordered.

Koford, P. J., and Nourse, J., concurred.