## TIMBERLAKE et al. v. NORRIS.

No. 17636.  Opinion Filed Jan. 31, 1928.

(Syllabus.)

**Appeal and Error—Appeal Premature Where Motion for New Trial Pending—Dismissal.**

Proceedings in error brought in this court, before the application for new trial on written grounds is passed upon by the trial court, are prematurely brought and such appeal will be dismissed.

Error from District Court, Pontotoc County; Asa E. Walden, Assigned Judge.

Action by Beulah Timberlake, for herself and as administratrix of the estate of M. D. Timberlake, deceased; and W. F. Schulte, as next friend of Colista L. Timberlake, M. D. Timberlake, and Beulah Mae Timberlake, minors, against P. A. Norris. Judgment for defendant, and plaintiffs appeal. Dismissed.

W. F. Schulte, for plaintiffs in error.

Wimbish & Duncan, for defendant in error.

MASON, V. C. J. The plaintiffs in error commenced this action in the lower court against P. A. Norris to recover a judgment in the sum of $50,000. The defendant filed answer and cross-petition in which he sought to recover damages against the plaintiffs in the sum of $5,000. Thereafter, the motion of plaintiffs to strike defendant's cross-petition and their demurrer to the defendant's cross-petition were denied. The plaintiffs then dismissed their case and filed no further pleadings as to the defendant's cross-petition. Thereafter, on the 19th day of January, 1926, the trial court rendered judgment against the plaintiffs and in favor of the defendant on his cross-petition for $1 and costs. On the 22nd day of January, 1926, the plaintiffs filed a written motion or application for a new trial in said cause. The plaintiffs have perfected their appeal to this court by filing herein their petition

in error with a duly certified transcript of the record thereto attached.

An examination of the record does not show that the motion for new trial has ever been passed upon by the trial court, and, therefore, there is. nothing properly before this court for review.

In the case of McCommas.v. Security National Bank, 122 Okla. 52, 250 Pac. 802, this court announced the following rule:

"Proceedings in error brought in this court, before the application for new trial on written grounds are passed upon by the trial court, are prematurely brought and should be dismissed."

Following the rule laid down above, we must conclude that this appeal has been prematurely brought, and the same is hereby dismissed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 3 C. J. p. 1077, §1086.