Note.—See under (1) 26 C. J. p. 1065, §7; p. 1099, §29; p. 1102, §33; p. 1106, §35; p. 1112, §40; p. 1121, §46; p. 1137, §57; p. 1167, §77; 27 C. J. p. 68, §201; 12 R. C. L. p. 240; 2 R. C. L. Supp. p. 1407; 4 R. C. L. Supp. p. 752; 5 R. C. L. Supp. p. 638; 6 R. C. L. Supp. p. 701. (2) 9 C. J. p. 1255, §195; 4 R. C. L. p. 494; 1 R. C. L. Supp. p. 1148; 5 R. C. L. Supp. 244. (3) 9 C. J. p. 1175, §35; anno. L. R. A. 1916D, 377; 4 R. C. L. p. 501; 1 R. C. L. Supp. p. 1151.

---

## BOUSE v. WHITNEY.

No. 19119. Opinion Filed April 3, 1928.

(Syllabus.)

1. **Appeal and Error—Necessity for Record of Judgment—Dismissal of Appeal.**

A record which fails to contain a copy of the final order or judgment sought to be re-

viewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination, and the appeal will be dismissed. Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067.

**2. Same—Necessity for Record of Order Overruling Motion for New Trial.**

Where the record does not contain an order of the court overruling a motion for new trial, a mere recital (in the case-made) that the motion for new trial was in fact overruled, the exceptions allowed, is insufficient in the absence of such order, and there is nothing properly before this court for review. Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067.

Error from District Court, Seminole County; George C. Crump, Judge.

Action by J. W. Bouse, otherwise known as Frank Jones, against E. W. Whitney. Judgment for defendant, and plaintiff appeals. Dismissed.

Wright & Gill, for plaintiff in error.

Norvell & Norvell, for defendant in error.

PER CURIAM. This is an appeal from the district court of Seminole county, wherein the plaintiff in error was plaintiff below. The cause was tried before a referee, who made a report of his findings of fact and conclusions of law thereon, but the only showing that any judgment was rendered therein is by a mere recital in the record that—

'The referee's report filed and approved; judgment rendered thereon; plaintiff excepts; motion for new trial overruled; plaintiff excepts."

No journal entry of judgment is incorporated in the record presented to this court for review, nor is there contained therein an order of the trial court overruling the motion for new trial. In the case of Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067, this court laid down the following rule:

"A record which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination, and the appeal will be dismissed.

"Where the record does not contain an order of the court overruling a motion for new trial, a mere recital (in the case-made) that the motion for new trial was in fact overruled and exceptions allowed, is insufficient in the absence of such order, and there is nothing properly before this court for review."

The rule laid down in that case is sup-

ported by a long line of decisions by this court and has been followed in a number of cases. See City of Tulsa v. Kay, 124 Okla. 243, 255 Pac. 684; Smith v. Fash, 122 Okla. 104, 251 Pac. 496.

Following the above rule long adhered to by this court, this appeal, upon motion of the defendant in error, is hereby dismissed.

Note.—See under (1) 4 C. J. p. 165, §1772; p. 565, §2380; 2 R .C. L. 125. (2) 4 C. J. p. 96, §1699; 2 R. C. L. p. 127.