## NEWS-DISPATCH PRINTING & AUDIT CO. v. BOARD OF COM'RS OF CARTER COUNTY.

No. 18257.    Opinion Filed June 19, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

**Appeal and Error—Judgment—Requisite Record for Review—Mere Recital in Clerk's Minutes not Judgment.**

A mere recital, in the clerk's minutes,, as follows: "The court renders judgment for the defendants as per journal entry to be filed," transcribed into the record, does not constitute a judgment, and where no judgment of the trial court appears in the record, this court has no jurisdiction to review the case on appeal.

Commissioners' Opinion, Division No. 2.

Appeal from District Court, Carter County; W. F. Freeman, Judge.

Action by the News-Dispatch Printing & Audit Company against the Board of County Commissioners of Carter County, Okla. From a purported judgment for defendant, plaintiff appeals. Appeal dismissed.

Brett & Brett, for plaintiff in error.

F. M. Dudley, Co. Atty., and Russell B. Brown, for defendant in error.

DIFFENDAFFER, C. For convenience, the parties hereto will be referred to as they appeared in the lower court. Plaintiff in error, as plaintiff, and defendant in error, as defendant. Plaintiff filed its petition on June 9, 1924, in which it set out two alleged casues of action in the usual form, upon an account for goods, wares and merchandise sold and delivered.

The first cause of action claims for certain material and supplies furnished to the various officers of Carter county, at the special instance and request of defendant, to the value of $875.24. The second cause of action is for a like account in the sum of $349.26. Verified itemized statements of account are attached to the petition as exhibits A and B as a part thereof. Exhibit A shows various items dated from July 4, 1921, to March 23, 1923, inclusive, aggregating the amount

claimed in the first cause of action, and exhibit B. shows items dated from July 18, 1923, to October 20, 1923, aggregating the $349.29 claimed in the second cause of action.

On October 30, 1924, defendant filed an answer in form of a general denial, verified by the county attorney, the verification being:

"* * * That said defendant is not indebted to plaintiff, as alleged in said petition, or any part or parcel of said indebtedness claimed against Carter county."

The case-made at page 18 thereof shows the following:

"Thereafter, and on, to wit, the 15th day of January, A. D. 1925, the above matter comes on for trial, the plaintiff appearing by Brett & Brett, its attorneys, the defendant, board of county commissioners, appearing by the duly elected and qualified county attorney, F. M. Dudley, and the taxpayers league appearing by its attorney, Russell Brown."

The above entry was not signed by the judge, and appears to be but an entry on the minutes of the clerk.

The case-made (pp. 19 to 35) contains a purported agreed statement of facts, shown by the record to have been filed March 18, 1927. At page 36, case-made, appears the following:

"Thereafter, and on, to wit, the 15th day of January, A. D. 1925, the court renders judgment for the defendants as per journal entry to be filed."

No journal entry was filed, and no other or further final judgment appears in the case-made, and nothing further to indicate that final judgment was ever rendered against defendant. Motion for new trial and amended motion for new trial were thereafter filed and overruled. The petition in error and case-made were not filed in this court until April 15, 1927, more than two years after the purported rendition of judgment above referred to. No reason is given in the record for the filing of this purported agreed statement of facts, which appears to have been filed nearly two years after the date of the hearing, and more than four months after the ruling of the court on the motion and amended motion for new trial.

The motion for new trial filed April 16, 1925, is directed to the "* * * judgment entered in the above cause on the 15th day of April, 1925; * * *" and no judgment of any other date is referred to, and the judg-

ment complained of in the petition in error is that of January, 1925, term of the district court of Carter county.

We are of the opinion that the record and case-made presents no question properly reviewable by this court.

It has been repeatedly held that where the record fails to contain a copy of the final order or judgment sought to be reviewed, and the same is not made to appear therein as of record in the trial court, such record presents no question to this court for determination. Negin v. Picher Lumber Co., 77 Okla. 285, 186 Pac. 206; K. C., M. & O. Ry. Co. v. Fain, 34 Okla. 164, 124 Pac. 70; Meadors v. Johnson, 27 Okla. 543, 117 Pac. 198; Schuck v. Moore, 48 Okla. 533, 150 Pac. 461; Lillard v. Meisenberger, 113 Okla. 228, 240 Pac. 1067; Merchants Southwest Fireproof Warehouse Co. v. Johnston, 113 Okla. 146, 243 Pac. 186. In the latter case, where in the record appeared a recital from the clerk's minutes covering, among other things, the following:

"* * * Plaintiff moves for judgment on his amended petition for foreclosure of chattel mortgage to satisfy judgment in cause No. 43732; defendant objects; motion sustained and judgment rendered as per J. E. to which defendant excepts and gives notice of appeal and clerk is directed to enter same on trial docket"

—it was said:

"This recital does not constitute a judgment, and there being no judgment of the trial court in the record, this court has no jurisdiction to review the case on appeal."

There being no judgment shown by the record, the appeal should be dismissed.

BENNETT, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 614, §462; 4 C. J. p. 45, §1622.