## DUSBABEK v. BOWERS.

No. 17964. Opinion Filed July 3, 1928.

(Syllabus.)

**Appeal and Error— Dismissal of Appeal for Lack of Record of Judgment or Final Order.**

A record which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination, and the appeal will be dismissed. Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067.

Commissioners' Opinion, Division No. 2.

Error from District Court, Canadian County; Lucius Babcock, Judge.

Action in replevin by George F. Dusbabek against Frank Bowers to recover certain machinery and damages for withholding the same. Defendant denied plaintiff's claim and set up cross-action for damages arising out of sale of the property sought to be replevined. Judgment for defendant, and plaintiff appeals. Dismissed.

I. H. Lookabaugh, A. M. Beets, and Walter Marlin, for plaintiff in error.

A. G. Morrison and A. L. Morrison, for defendant in error.

LEACH, C. George F. Dusbabek, plaintiff in error, as plaintiff, filed this action in the district court of Canadian county against Frank Bowers, setting forth in his petition two causes of action. Under the first cause of action, plaintiff sought to recover possession of a certain threshing machine and equipment under and by virtue of a chattel mortgage executed by defendant to J. I. Case Thrashing Machine Company, the indebtedness secured thereby, and the chattel mortgage having been sold and assigned to plaintiff. Plaintiff also sought to recover damages for the unlawful withholding of such property. The second cause of action was to recover possession of one traction machine; plaintiff alleged he was entitled to possession of same under and by virtue of a chattel mortgage executed by defendant to plaintiff; that the indebtedness secured thereby was unpaid, also sought to recover damages for the unlawful withholding of the same.

The defendant answered by general denial, admitting execution of the chattel mortgages referred to and set out in plaintiff's petition; further alleging that plaintiff falsely and fraudulently stated and represented to the defendant the condition of the engine sought to be recovered; that by reason of the engine not being as represented the same could not be used by defendant; that defendant had expended certain sums in endeavoring to make the engine serviceable; that defendant had been damaged by extra expense incurred in the operation of his threshing outfit by reason of the defects in the engine, alleged that he had tendered back the engine, and demanded surrender of the notes given for the purchase price of such engine and secured by the chattel mortgage sued upon; further alleged that plaintiff had collected certain accounts and appropriated certain notes given as collateral security on the notes secured by the chattel mortgages sued upon; alleged further that plaintiff had taken certain property belonging to defendant located in the State of New Mexico and had sold and converted the same to his own use; and prayed that plaintiff take nothing, and that defendant recover the certain sums alleged as damages.

Upon the trial of the cause a verdict was rendered in favor of the defendant for possession of the property taken under writ of replevin and for damages.

Motion for a new trial was filed, overruled, and plaintiff brings this appeal and files herein his petition in error with case-made attached. From an examination of the case-made and record in this cause, it does not appear and it is not shown that any judgment was rendered by the court on the verdict of the jury. In the clerk's minutes following the verdict of the jury appears the following:

"The court orders the verdict filed and recorded as the verdict of the jury."

We have examined the case-made, and nowhere do we find that the trial court rendered judgment in favor of plaintiff or defendant upon the issues or the verdict of the jury. There is no journal entry of judgment nor any reference in the clerk's minutes showing judgment upon the verdict of the jury.

This court, in the case of Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067, said:

"A record which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination, and the appeal will be dismissed."

Former decisions and holding of this court

are cited in that opinion as sustain the rule. The rule is also followed in the later cases of Brouse v. Whitney, 130 Okla. 144, 265 Pac. 1048; News Dispatch Printing & Audit Co. v. Board of County Commissioners of Carter County, 132 Okla. 216, 270 Pac. 2. See, also, Merchants Southwest Fireproof Warehouse Company v. Johnson, 113 Okla. 146, 243 Pac. 186; Timberlake et al. v. Norris, 129 Okla. 113, 263 Pac. 649; City of Tulsa v. Kay et al., 124 Okla. 243, 255 Pac. 684.

Under the rule and holding in the above cases, the record in this cause presents no question to this court for determination, by reason of which the appeal should be and is dismissed.

BENNETT, HERR, JEFFREY, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 45, §1622.