## CUNNINGHAM et al. v. McCRAY.

No. 19066. Opinion Filed Sept. 18, 1928.

Order Withdrawing Opinion Vacated July 25, 1929.

Frank P. Smith, for plaintiffs in error.

Moss & Young and C. A. Warren, for defendant in error.

PER CURIAM. From a judgment of the district court of Creek county and the order overruling the motion for new trial, the plaintiff in error appeals. Defendant in error has filed in this court a motion to dismiss the appeal upon the grounds that there is no order of the court overruling the motion for new trial incorporated in the record. No journal entry of the order overruling the motion for new trial appears in the record filed in this court. The only showing that the motion for new trial was overruled appears from the pronouncement of the court as shown by the stenographer's transcript and a recital in the clerk's minutes, neither of which in the form presented may be properly placed upon the journal of the court. This court in the case of Bigpond v. Davis, 121 Okla. 44, 247 Pac. 676, laid down the following rule:

"The minutes of the clerk constitute no part of the record lodged in this court on appeal.

"Where the record does not contain an order of the court overruling a motion for new trial, a mere recital therein transcribed from the clerk's minutes is not sufficient to bring the appeal before this court for review."

Also, in the case of Smith v. Fash, 122 Okla. 104, 251 Pac. 496, this court said:

"The pronouncement of the court and the minutes of the * * * clerk * * * are all that is contained in the record concerning the judgment, the order overruling motion for new trial and notice of appeal"

—and in that case held that such a recital was insufficient to show notice of appeal and confer jurisdiction upon this court. The condition of the record in the case of Smith v. Fash, supra, is analogous to the condition of the record in the instant case.

Section 786, C. O. S. 1921, provides for the correction of a case-made, and that no appeal shall be dismissed by reason of errors or omissions therein until an opportunity be given to supply such corrections, and in the case of O'Neal Engineering Co. v. City of Lehigh, 61 Okla. 57, 159 Pac. 497, this court held that an appeal would not be dismissed for fatal defects in the case-made when there is a motion timely filed to be permitted to withdraw such case-made for correction and sufficient showing that such correction can properly be made. In the case of Argentoes v. Fidelity Building & Loan Ass'n, 127 Okla. 183, 260 Pac. 55, it was held that this correction may be made after the time in which an appeal may be perfected has expired, at any time before the case is finally disposed of by this court, which provisions and rules afford ample opportunity to preserve the rights of a hearing upon appeal, where by mistake or omission they have failed to present a proper record to this court for review.

In this case the motion to dismiss the appeal was filed in this court July 12, 1928, and notice thereof duly served upon the plaintiffs in error. On July 20, 1928, plaintiffs in error responded to this motion, but make no request to amend or correct the case-made, and in the case of Bailey v. Bank of Meeker, 76 Okla. 69, 184 Pac. 761, it is held that upon motion of appellee to dismiss the appeal for the reason the case-made does not contain a copy of the judgment or final order rendered by the trial court, where appellant makes no effort to amend said case-made, the appeal will be dismissed.

Under rule 5 of this court, the plaintiffs in error had 10 days in which to respond to the motion to dismiss, and therefore had 10 days in which to make application to this court for leave to amend or correct case-made after their attention was called to the omission in the record they had presented to this court for review, before this court could consider the motion to dismiss. The plaintiffs in error, to the date of consideration

of the motion to dismiss and the response thereto, have made no effort to amend or correct the case-made. Where the motion to dismiss the appeal, on the grounds that the case-made by reason of defects therein does not present anything to this court for review, is filed in this court and due notice thereof given, the 10 days in which to respond gives ample notice of defects of the record and an opportunity to make application to correct the same, and if no application is made to this court to correct the record before the time such motion is reached in this court for consideration, and such defects are found to exist, the appeal will be dismissed.

The assignments of error in the petition in error are not such as can be reviewed upon transcript, and in the absence from the record of the order of the court overruling motion for new trial there is nothing before this court for review, and the appeal is dismissed.

Note.—See under (1) 4 C. J. p. 100, § 1705. (2) 4 C. J. p. 95, § 1698; p. 96, § 1699. (3) 4 C. J. p. 565, § 2380.