## MOTOR MORTGAGE CO. v. SANDERS.

No. 20893. Opinion Filed Feb. 18, 1930.

Bicking & Wilson and Franklin H. Griggs, for plaintiff in error.

Woodard & Westhafer, for defendant in error.

PER CURIAM. This cause is before the court on a motion to dismiss the appeal on the grounds and for the reason the order overruling the motion for new trial is not presented in the record filed in this court.

The judgment sought to have reviewed was rendered in the common pleas court of Tulsa county May 7, 1929. Motion for new trial was filed May 10, 1929, and on the 20th day of May, 1929, this motion was overruled. No order overruling the motion for new trial is contained in the record attached to the petition in error. The only showing that the motion for new trial was overruled is the reporter's transcript of the proceedings had on the motion for new trial, which transcript is insufficient to present the action of the court thereon for review. Smith v. Fash, 122 Okla. 104, 251 Pac. 496. Where the record presented dces not contain an order of the court overruling the motion for new trial, the recital in the record compiled from the reporter's shorthand notes showing the pronouncement of the court that "the motion for new trial is overruled and exceptions allowed" is insufficient, in the absence of such an order (in the journal), and there is nothing properly before the court for review. Smith v. Fash, supra; City of Tulsa v. Kay, 124 Okla. 243, 255 Pac. 684; Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067; Cunningham v. McCray, 137 Okla. 300, 279 Pac. 354.

No response has been filed to the motion now before the court, and no showing is made that an order overruling the motion for new trial is of record in the trial court, nor has any request been made to amend the case-made so as to show such order was made, and it is now too late to amend the record in this respect. Cunningham v. Mc-Cray, supra.

For the reasons above stated, the motion to dismiss the appeal is sustained and the appeal is dismissed.

Note.—See "Appeal and Error," 4 C. J. §1769, p. 163, n. 81.