### REESER MOTOR CO. v. REICHELDERFER et al.

No. 22717. Opinion Filed Jan. 24, 1933.

D. B. Crewson and G. C. McDonald, for plaintiff in error.

Biddison, Campbell, Biddison & Cantrell, for defendants in error.

PER CURIAM. From a judgment of the court of common pleas in and for Tulsa county and the order overruling the motion for new trial, the plaintiff appeals. Defendants in error have filed motion to dismiss the appeal: First, because the case-made was not served within the time allowed by law or by any valid order of extension; second, because the purported motion for new trial was not subscribed, either by the plaintiff in error or by its attorneys; third, that there does not appear in the case-made any order overruling the purported motion for new trial; fourth, that case-made cannot be considered as a transcript because filed in the Supreme Court more than six months subsequent to the judgment appealed from.

No response to the motion to dismiss has been filed by the plaintiff in error, but, more than 60 days after the filing of the motion to dismiss, plaintiff in error filed application for permission to amend transcript and case-made, setting up that a certain order extending time in which to serve case-made entered in the trial court on May 13, 1931, by inadvertence and mistake, was omitted from the records herein, and attached thereto is the purported copy of such order, but not certified. No journal entry of the order overruling the motion for new trial appears in the record filed in this court. The only showing that motion for new trial was overruled is a recital of the clerk's minutes and docket entry shown at page 147 of the case-made, and which purports to have been

entered on the 14th day of February as follows:

"Motion overruled. Exceptions. Gave notice of appeal to the Supreme Court of Oklahoma. 30-10-5. 20 days to file supersedeas bond."

This court has repeatedly held that where the record does not contain an order of the court overruling motion for new trial, and motion for new trial is necessary, a mere recital transcribed from the clerk's minutes is not sufficient to bring the appeal before this court for review upon case-made. Smith v. Fash, 122 Okla. 104, 251 P. 496; Jones v. Jones, 155 Okla. 269, 9 P. (2d) 18; Cunningham v. McCray, 137 Okla. 300, 279 P. 354; Curtis v. Mason & Hopkins, 155 Okla. 176, 8 P. (2d) 747; Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067.

In Lillard v. Meisberger, supra, this court, speaking through Justice Riley, held:

"An order of the trial court overruling a motion for new trial must be made with the same solemnity as a jugment on the merits, and a mere recital in the clerk's minutes as in the case at bar, which finds its way into the case-made, cannot be substituted for such an order, or supply the defect for failure to make it."

If the record could be amended, as requested by plaintiff in error, the fatal defect hereinabove pointed out would not be cured. In Gilmore Co. v. James, 156 Okla. 216, 10 P. (2d) 392, this court held:

"Where motion is made to be permitted to amend the record, if the amendment suggested will not cure the defect so as to enable this court to review the judgment appealed from under the assignments of error made, the motion will be denied."

Coming to the fourth ground of the motion, suffice it to say that the judgment of the trial court was entered on jury verdict on January 26, 1931, and the appeal was not filed in this court until August 13, 1931, more than six months after the rendition of the judgment. If the assignments of error were such as could be reviewed on transcript, this court is without jurisdiction for the reason that the appeal was not filed within six months subsequent to the rendition of the judgment. We find it unnecessary to review the first and second grounds stated in the motion.

For the reasons stated herein and upon the authorities cited, the application to amend case-made is denied; the motion to dismiss appeal sustained, and the appeal dismissed.

Note.—See under (3) 2 R. C. L. 152; R. C. L. Perm. Supp. p. 349; R. C. L. Pocket Part, title "Appeal," § 126.