### LONG v. McMAHAN.

No. 34398. Jan. 29, 1952.

*241 P. 2d 185.*

LaMar & Bailey, Guymon, for plaintiff in error.

Hughes, Ogden & Ogden and Fred King, Guymon, for defendant in error.

PER CURIAM. This is an attempted appeal by petition in error with case-made attached. The case-made discloses that a jury verdict was returned in the action awarding damages to the plaintiff for breach of a covenant to rebuild contained in a lease of real estate. For convenience the parties are referred to in this opinion as they appeared in the trial court: plaintiff in error as defendant, and defendant in error as plaintiff.

It appears from a careful search of the case-made attached to the petition in error filed with this court that a verdict was rendered in favor of the plaintiff and against the defendant, by the jury impaneled to try the cause, on the 25th day of May, 1949. This verdict was properly entered on the 26th day of May, 1949. There is nothing in the case-made to indicate that a judgment of any kind was ever rendered or entered of record by the trial court upon the verdict of the jury although the defendant filed a motion for new trial which was overruled on the 18th day of June, 1949, and the journal entry overruling the motion for new trial is contained in the case-made.

Neither party to this appeal has questioned the jurisdiction of this court to consider the appeal by reason of the failure of the record to show that a judgment was ever entered by the trial court, but it is the duty of the appellate court in each case to examine into its jurisdiction, and if it is without jurisdiction to dismiss the appeal. Kenney v. Neumeyer, 171 Okla. 1, 41 P. 2d 869; Saunders v. Firestone, 176 Okla. 135, 54 P. 2d 1024; Hamilton v. Browder, 176 Okla. 229, 54 P. 2d 1025; Biser v. Biser, 176 Okla. 210, 55 P. 2d 446; Jones v. Norris, 185 Okla. 125, 90 P. 2d 403; Oklahoma City-Ada-Atoka Ry. Co. v. Parks, Adm'r, 182 Okla. 598, 78 P. 2d 791; Harber v. McKeown, 195 Okla. 290, 157 P. 2d 753; Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okla. 335, 193 P. 2d 586.

The situation as presented to this court by the record in this case is

almost identical with that presented to the court in the case of Dusbabek v. Bowers, 132 Okla. 179, 270 P. 3. In that case the cause was tried to a jury, the jury returned a verdict for the plaintiff, but as far as appeared from the case-made no journal entry of judgment of any kind was ever rendered by the trial court on the verdict and entered of record. After the verdict was entered defendants filed a motion for new trial, which was overruled by the trial court and the defendant appealed. In that case this court said:

". . . There is no journal entry of judgment nor any reference in the clerk's minutes showing judgment upon the verdict of the jury.

"This court, in the case of Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067, said:

" 'A record which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination, and the appeal will be dismissed.'

"Former decisions and holding of this court are cited in that opinion as sustaining the rule. The rule is also followed in the later cases of Brouse v. Whitney, 130 Okla. 144, 265 P. 1048; News Dispatch Printing & Audit Co. v. Board of County Commissioners of Carter County, 132 Okla. 216, 270 P. 2. See, also, Merchants Southwest Fireproof Warehouse Co. v. Johnston, 113 Okla. 146, 243 P. 186; Timberlake v. Norris, 129 Okla. 113, 263 P. 649; City of Tulsa v. Kay, 124 Okla. 243, 255 P. 684."

Under the decisions above cited the record in this cause presents no question to this court for determination and, therefore, the appeal must be and is dismissed.

This Court acknowledges the services of Attorneys John H. Poe, Harvey F. Allen, and John T. Gibson, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.