### SINGER v. OOLEY et al.

No. 15745—Opinion Filed Sept. 15, 1925.

1. Appeal and Error—Jurisdiction—Failure to Give Notice of Appeal.

Where the record shows that a motion for new trial was necessary, that same was filed and overruled and exception saved, and no notice of intention to appeal was given, as provided by section 782, C. S. 1921, no jurisdiction to hear the appeal on the merits is conferred on this court.

## 2. Same—Invalidity of Proceedings Where Order Refusing New Trial not on File.

The order of the court overruling the motion for new trial, which is not on file at the time the order is made, is a nullity, the exception taken a nullity, and the notice of intention to appeal without force and effect to give this court jurisdiction to consider the appeal on the merits.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Stephens County; W. M. Pugh, Judge.

Action by M. E. Ooley et al. against M. Singer. Judgment for plaintiffs, and defendant appeals. Dismissed.

Bond & Lewis, for plaintiff in error.

Sandlin & Winans, for defendants in error.

Opinion by THREADGILL, C. The defendants in error obtained judgment against the plaintiff in error enjoining him, or any person acting under him, from establishing or operating a salvage or junk yard on lots 1 and 2 in block 145 of the city of Duncan, or in that vicinity, and from this judgment plaintiff in error has attempted to appeal to this court by petition in error with case-made attached. The record was lodged in this court September 11, 1924, and on October 18th, plaintiff in error filed his brief, and in his abstract states that, "the case was tried to the court on the 7th day of July, 1924,"; then, after reciting that judgment which was had against him, he states as follows:

"Defendant filed his motion for a new trial (C.-M. 103.) Same was by the court overruled, exception saved, and notice given in open court by defendant of his intention to appeal to the Supreme Court."

Thereafter, on December 1, 1924, defendants in error gave plaintiff in error notice, pursuant to an order of the Supreme Court, of their intention to apply to the trial judge for amendment of the case-made to show that no notice of intention to appeal was given by plaintiff in error, and that part of the order overruling the motion for new trial, reciting such notice given, as same appears in case-made, was erroneous, and they would ask that same be stricken. The hearing was had, according to the notice, counsel for both parties being present, and the amendment was made, without objection or exception on the part of the plaintiff in error. The court certified the amendment and the clerk attested the same. Thereupon, plaintiff in error asked the court to further amend the case-made by inserting the clerk's minutes of the court's proceedings on July 5, 1924, which were as follows:

"The court adjourned until July 5, 1924. Court reconvened this day pursuant to adjournment. Judge M. W. Pugh presiding; court clerk, Jessie F. Barnes, Charles Albright, bailiff present, the following proceedings were had. 5408 Ooley et al. v. Singer. Motion to dissolve injunction denied. Deft. excepts. Injunction made permanent. Motion for new trial considered filed and overruled. Defendant gives notice of intention to appeal in open court and asks for time to prepare and serve case-made."

Defendants in error, it seems, refused to be present or take part in this amendment. The court made the order and certified the amendment. The record as thus amended was relodged in this court, and defendants in error have interposed a motion in their brief to dismiss the appeal for lack of jurisdiction on the ground that no legal notice of intention to appeal was given.

Section 782, Comp. St. 1921, provides for notice and manner of appeal and is mandatory, and, among other things, provides:

"But no summons in error shall be required, and the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court. * *. * Upon the giving of such notice and entering the same on trial docket, all parties of record in the court from which such appeal is to be taken shall become parties to the appeal in the Supreme Court, and no further notice shall be required to be served upon them of such appeal." Halbert v. Patrick, 72 Okla. 25, 177 Pac. 566.

In the case of Callander v. Hopkins, 97 Okla. 41, 222 Pac. 672 the rule is stated that where a motion for new trial is necessary, the notice of appeal must follow the overruling of such motion rather than rendering the judgment. We must, therefore, hold that, according to the first amendment of the case-made above mentioned, there was no notice of appeal given, and, under the authorities cited, no jurisdiction was conferred on this court to consider the appeal on the merits.

But plaintiff in error has filed a reply brief contending that the second amendment above mentioned was sufficient to show notice of appeal given and to confer jurisdiction on this court. Plaintiff in error states in his brief:

"The record shows conclusively that notice of intention to appeal was given in open court and that the order entered upon the

journal of said court did not so state."

It will be observed that the minutes of the court kept by the clerk and incorporated in this amendment, relied on by plaintiff in error, show that judgment was rendered in the case on July 5, 1924, to which defendant excepted; that motion for new trial was considered, filed and overruled; that defendant gave notice of intention to appeal in open court, and asked for an extension of time to prepare and serve case-made. It will be further observed from the record that plaintiff's reply to the answer was filed July 7, 1924. The court reporter's notes state that the cause was called for trial July 7, 1924, and the journal entry of judgment shows that the cause was heard on July 7, 1924, and was taken under advisement till July 8th, when judgment was rendered. The record further shows that the motion for new trial was filed on July 8th, and on the same day was overruled. There is no evidence in the record or amendments to assist us in reconciling the conflict in the date of the clerk's minutes and the journal entry. This being the case, we are inclined to the opinion that the clerk's minutes should not be permitted to contradict the journal entry as to the time the case was tried and judgment rendered. If we assume that the clerk made a mistake in the date and should have made it the 8th instead of the 5th, still, we are unable to see where the amendment saves the appeal, as there was no motion for new trial filed at the time the clerk's minutes say it was filed. It was to be considered, filed and overruled, exception saved, and notice of appeal given. The court was a court of record, and a wise and practical procedure has been provided for conducting its business. There could be no order overruling a motion for new trial which was not in existence, and to be in existence it must be on file, and such order is a nullity, the exception a nullity, and the notice of appeal based thereon of no force and effect.

We must, therefore, hold that there was no notice of appeal given by plaintiff in error, and this court is without jurisdiction to consider the cause on the merits. The appeal should, therefore, be dismissed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 666, § 2558. (2) 3 C. J. p. 967, § 863; 4 C. J. p. 666, § 558.