Note.—See 36 Cyc. p. 947; 25 R. C. L. pp. 819 879; 3 R. C. L. Supp. p. 1430.

---

## PIERSOL et al. v. STATE ex rel. County Atty. of Jackson County.

No. 17372—Opinion Filed June 29, 1926.

Rehearing Denied Jan. 4, 1927.

**1. Appeal and Error—Necessity for Filing Motion for New Trial with Court Clerk —Dismissal.**

Section 575, Compiled Oklahoma Statutes 1921, is mandatory, and where a motion for a new trial is not reduced to writing and filed in the office of the clerk of the trial court, the appeal will be dismissed.

**2. Same.**

Where a motion for a new trial is dictated to the court reporter and transcribed into case-made without being filed in the office of the clerk of the trial court, the same is a nullity and nothing is brought before this court for review.

Error from District Court, Jackson County.

Action by the State on the relation of Frank Petree, County Attorney, and the Board of Commissioners of Jackson County, against C. S. Highsmith, County Treasurer, and others, to recover for school equipment bonds purchased by C. S. Highsmith and sold to certain defendants. From a judgment against defendant Highsmith and his sureties, and in his favor against defendants George W. Piersol and others, George W. Piersol and others appeal. Appeal dismissed.

George P. Glaze, for plaintiffs in error.

George F. Short, Atty. Gen., V. P. Crowe, Asst. Atty. Gen., L. B. Yates, County Atty., and W. C. Austin, for defendants in error.

PER CURIAM. This is an action brought in the district court of Jackson county by the state of Oklahoma ex rel. Frank Petree, county attorney, and the board of county commissioners of said county against C. S. Highsmith, county treasurer, and his sureties and George W. Piersol, J. E. Piersol, and Piersol Bond Company to recover for certain school equipment bonds issued by the board of education of the city of Altus and purchased by Highsmith, county treasurer, and sold by him to the Piersols and Piersol Bond Company for and in consideration of certain water improvement bonds issued by the town of Buffalo. Harper county, Okla.

Highsmith filed answer and cross-petition

in which he sought judgment over against the Piersols and Piersol Bond Company in the event he was held liable. Judgment was rendered against Highsmith and his sureties for the sum of $10,133.35. and in his favor against the Piersols and Piersol Bond Company for the same amount. On the same day that judgment was rendered counsel for Highsmith dictated to the court reporter a motion for a new trial, which was signed by counsel, transcribed by the reporter and filed in the office of the court clerk. On said day counsel for the Piersols and Piersol Bond Company dictated to the court reporter a motion for a new trial, but did not sign it and it was not transcribed and filed in the office of the court clerk. Motions for a new trial were overruled. and all parties gave notice of appeal. Cross-petitioner in error C. S. Highsmith and defendant in error Jackson county now move the court to dismiss the appeal of plaintiffs in error George W. Piersol, J. E. Piersol, and the Piersol Bond Company on the ground that motion for a new trial was not reduced to writing and filed in the office of the court clerk as provided by section 575, Compiled Oklahoma Statutes, 1921.

The motion for a new trial appears nowhere in the record except as transcribed in case-made by the court reporter, from his notes of the record made by him of the proceedings had. A motion for a new trial is a motion in writing filed in the office of the clerk and is copied by the court reporter into case-made just as he copies any other paper in a case on-file in the clerk's office, and there is no way by which a motion for a new trial may become part of the record on appeal where the same is not reduced to writing and deposited with the clerk of the trial court. If a motion for a new trial may be dictated to the court reporter and transcribed into case-made, instead of being transcribed and deposited in the clerk's office and copied into the record, the statute is a nullity and imposes no duty whatever.

Section 575, Compiled Oklahoma Statutes 1921, is as follows:

"The application must be by motion, upon written grounds, filed at the time of making the motion. The causes enumerated in subdivisions two, three. seven and nine of section 5033, must be sustained by affidavits, showing their truth, and may be controverted by affidavits."

In Singer v. Ooley et al., 112 Okla. 28, 239 Pac. 594, in an opinion by Mr. Commissioner Threadgill. the court used this language:

"The order of the court overruling the motion for new trial, which is not on file at the time the order is made, is a nullity, the exception taken a nullity, and the notice of intention to appeal without force and effect to give this court jurisdiction to consider the appeal on the merits."

The Kansas statute is identical with ours, and the Supreme Court of that state in construing it in Douglas v. Insley et al., 9 Pac. 475, said:

"Where the record does not show that a motion for a new trial was ever reduced to writing, or filed in the court, as prescribed by section 309, of the Code, it will be presumed by the Supreme Court, for the purpose of upholding the judgment of the trial court, that the motion was not in writing and filed as it should have been."

In Joiner v. Goldsmith, 25 Okla. 840, 107 Pac. 733, and Allen v. Gates, 38 Okla. 408, 134 Pac. 51, this court held that the section of the statute (now sec. 574, C. O. S. 1921) which provides that motions for a new trial must be filed within 3 days after verdict or decision except unavoidably prevented is mandatory, and so is the section under consideration in the instant case. What is the legal acceptation of filing a paper, a motion, or pleading? Words and Phrases (Second Series) p. 531, defines it as follows:

"There can be no filing of a paper in a legal sense except by its delivery to an official whose duty it is to file papers and who is required to keep and maintain an office or other public place for their deposit, and the paper must either be delivered personally to such officer with the intent that the same shall be filed by him or delivered at the place where the same should be filed."

The requirements of the statute have not been met, and its plain provisions leave no discretion in the court as to how it should be construed and applied.

The appeal is dismissed.

Note.—See 3 C. J. p. 967 §863.