## McCOMMAS v. SECURITY STATE BANK et al.

No. 17463—Opinion Filed Nov. 16, 1926.

(Syllabus.)

1. **Appeal and Error—Lack of Jurisdiction —Action on Motion for New Trial Before Filed a Nullity.**

The order of the court overruling the motion for a new trial, which is not on file at the time the order is made, is a nullity the exception taken a nullity, and the notice of intention to appeal without force and effect to give this court jurisdiction to consider appeal on its merits.

2. **Same—Premature Proceedings on Appeal —Dismissal.**

Proceedings in error brought in this court before the application for new trial on written grounds are passed upon by the trial court, are prematurely brought and should be dismissed.

Error from District Court, Kay County Claude Duval, Judge.

Action between M. F. McCommas and the Security State Bank et al. From the judgment in favor of the Security State Bank McCommas brings error. Dismissed.

John S. Burger and T. G. Wyley. for plaintiff in error.

J. E. Curran and S. H. King, for defendants in error.

PER CURIAM. Issues were joined in the trial court between the plaintiff in error M. F. McCommas, and the defendant in error Security State Bank, and the cause submitted to trial before a jury. At the conclusion of the evidence, upon motion by Security State Bank, the trial judge directed a verdict in favor of the Security State Bank and against McCommas, and a verdict was returned accordingly. Thereupon, the trial court proceeded orally to, and did, pronounce judgment upon the verdict of the jury, which McCommas excepted and asked trial court to consider a motion for new trial filed, and informed the court that said motion would be filed later. The trial court

immediately overruled the motion thus considered, which ruling was excepted to and notice of appeal was given in open court.

On the same day. application for a new trial upon written grounds was filed in said court. The record before us does not show any order made by the court disposing of the written motion thus filed. From the judgment and order of the trial court, plaintiff in error attempts to appeal.

The record before us clearly shows that at the time the trial court overruled the motion for a new trial no such motion was filed. There can be no order overruling a motion for a new trial which was not in existence, and to be in existence it must be on file, and such order is a nullity, the exceptions a nullity, and the notice of appeal based thereon of no force and effect. Singer v. Ooley et al., 112 Okla. 28, 239 Pac. 594.

The motion for a new trial upon written grounds not having been passed upon by the trial court, the proceedings in error in this court are prematurely brought, and should be, and are, dismissed.

Note.—See under (1) 3 C. J. p. 1077, §1086; 29 Cyc. p. 958 (Anno). (2) 3 C. J. pp. 1075, 1077, §1086: 4 C. J. p. 571, §2380.