## JOHNSON v. BOARD OF COM'RS OF LOGAN COUNTY et al.

No. 18063. Opinion Filed June 7, 1927.

(Syllabus.)

**Appeal and Error—Necessity for Motion for New Trial—Ruling on Demurrer to Evidence.**

Where an injunction is prayed, and trial had on plaintiff's petition, plaintiff introduces evidence and rests, and the defendant files a demurrer to the evidence, the ruling on such demurrer to the evidence is a decision occurring at the trial, and in order to enable the Supreme Court to review such a ruling, it is necessary that a motion for new trial be filed within the time prescribed by law.

Appeal from District Court, Logan County; Hal Johnson, Assigned Judge.

Action for injunction by D. S. Johnson against the Board of Commissioners of Logan County et al. From a judgment of the trial court denying plaintiff an injunction, he appeals. Dismissed.

Erwin & Erwin, for plaintiff in error.

George W. Partridge, County Attorney of Logan County, and John Adams, for defendants in error.

PER CURIAM. The plaintiff in error was plaintiff below, and on the 27th day of November, 1926, filed his petition in the district court of Logan county praying that the defendants be enjoined from awarding contracts for the construction of certain highways in said county, and upon the filing of the petition the judge of the district court of said county issued a restraining order against the defendants and ordered that cause be set for hearing on application for temporary injunction on the 4th day of December, 1926. On the 4th day of December, 1926, a trial was had on plaintiff's petition, evidence introduced by the plaintiff, at the conclusion of which the defendants demurred to the evidence, which demurrer was by the court sustained; the temporary injunction denied; the restraining order previously issued was continued in force for 30 days and time was given in which to make and serve case-made. The appeal was filed in this court on December 31, 1926. No motion for new trial was filed by plaintiff in the trial court. The defendants in error now move the court to dismiss the appeal for the reason that no motion for new trial was filed in the trial court whereby the errors complained of were brought to the attention of the trial court and that by reason thereof this court is without authority to review the judgment rendered by the trial court. To this motion the plaintiff in error has responded that no motion for new trial was necessary to authorize a review of the action of the trial court and cites numerous cases to support his contention, which upon examination show that the rules laid down therein are not applicable to the case at bar. The authorities cited by the plaintiff in error lay down the rule that the motion for new trial is unnecessary to authorize the court to review an order of the trial court made in disposing of a motion by one of the parties to the action. No motion is filed to dissolve the restraining order issued in the instant case. Plaintiff in error urges that his appeal is under section 809, Compiled Oklahoma Statutes, 1921, providing for an appeal from an order dissolving temporary injunction. With this we cannot agree. The trial was had on the allegations of the petition as filed in the trial court, and the appeal in this case is from the judgment of the trial court denying temporary injunction in said cause, and the errors assigned are that the court erred in sustaining the demurrer to the evidence of the plaintiff; that the court erred in denying plaintiff a temporary injunction, and that the judgment is not sustained by the evidence and is contrary to law; the issues being the right of the plaintiff to an injunction under the allegations of his petition and the evidence adduced in support thereof, which was a trial upon the issues joined by the pleadings. In the case of Stump v. Porter, 31 Okla. 157, 120 Pac. 639, this court laid down the rule that:

"The ruling on a demurrer to the evidence is a decision occurring on the trial; and in order to enable the Supreme Court to review such ruling it is necessary that a motion for new trial be filed within the time prescribed by law."

Also in the case of Mitchener v. City Commissioners of Okmulgee, 100 Okla. 98, 228 Pac. 159:

"Where an injunction is prayed, and issues joined and trial had, plaintiff introduces evidence and rests, and the defendant files a demurrer to the evidence, the ruling on such demurrer to the evidence is a decision occurring on the trial, and in order to enable the Supreme Court to review such ruling it is necessary that a motion for new trial be filed within the time prescribed by law."

This rule has long been established and is followed in a great number of cases, among which are Ardmore Oil & Milling Co.

v. Doggett Grain Co., 32 Okla. 280, 122 Pac. 241, and Tyler v. Tyler, 44 Okla. 411, 144 Pac. 1023.

Plaintiff in error further urges that the defendant in error has waived the failure to file motion for new trial by entering into a stipulation for the consolidation of this case with No. 17742 (Allen v. Board of Com'rs of Logan County), involving the identical question presented in the instant case. We have examined the stipulation on file in this court and find that the same amounts to an agreement that the briefs filed in one of these cases shall be treated as the briefs in the other. The stipulation was so considered by the court when an order was made that the briefs in this cause should be considered as briefs in question raised in No. 17742. We have examined the record in this court and fail to find where any order of consolidation has been made.

Following the rules laid down in the cases above cited, to which many other authorities could be added, the motion is hereby sustained and the appeal in this cause dismissed.

Note.—See 3 C. J. p. 979, 885; 2 R. C. L. p. 98; 1 R. C. L. Supp. p. 395; 4 R. C. L. Supp. p. 80; 5 R. C. L. Supp. p. 70: 6 R. C. L. Supp. p. 66.