## B. ADLER MILLINERY CO. v. SPRAGUE.

No. 18589.    Opinion Filed Feb. 7, 1928.

(Syllabus.)

**Appeal and Error—Reversal Where no Brief Filed by Defendant in Error.**

The syllabus in the case of the City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this case.

Error from District Court, Garvin County; W. G. Long, Judge.

Action between B. Adler Millinery Company and H. A. Sprague. From the judgment, the former brings error. Reversed and remanded.

Bowling & Farmer, for plaintiff in error.

A. C. Barrett, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Garvin county, wherein the plaintiff in error was plaintiff below.

Plaintiff in error in due time served and filed its brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief or to otherwise appear in this court on appeal, nor has he offered any excuse for his failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

In this case the plaintiff in error prays that the judgment rendered by the trial court be reversed, set aside, and held for naught and that judgment be rendered in favor of the plaintiff in error and against the defendant in error, and we find upon examination of the authorities cited by plaintiff in error that the same reasonably support the contention of the plaintiff in error, and we therefore reverse the judgment of the lower court and direct that it vacate its former judgment and enter judgment in favor of the plaintiff in error.