## CITY OF OKLAHOMA CITY v. IAMS et al.

No. 21449. Opinion Filed Oct. 21, 1930.

M. W. McKenzie, for plaintiff in error.

Billups & Billups, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county granting a temporary injunction in an action wherein plaintiff in error was defendant. The defendants in error, plaintiff below, filed their petition in the trial court praying for a permanent injunction against the defendant. They also prayed for a temporary restraining order, which was granted. In the restraining order, "It is further ordered that the application * * * for temporary injunction is hereby set for hearing * * * on May 30, 1930."

The record attached to the petition in error is certified by the clerk of the trial court as a full, true, and complete transcript of the record in the cause, and by the trial judge as a full, true, and complete case-made. An examination of the record presented, as thus certified, does not disclose any application for temporary injunction, nor was any pleading or motion filed by the defendant in the trial court. The cause was tried to the court and temporary injunction granted. No motion for new trial was filed by the defendant and the alleged errors set forth in the petition in error are alleged to have occurred upon the trial of the cause.

The cause is before this court on motion to dismiss the appeal for the reason no motion for new trial was filed in the trial court.

It is a well-settled rule of this court that errors occurring during trial of the cause cannot be considered by the Supreme Court unless the motion for new trial, founded upon and including such errors, has been made by the complaining party and acted upon by the trial court, where the issues in the cause are made up by the pleadings. Johnson v. Board of Com'rs of Logan County, 125 Okla. 96, 256 Pac. 900; Piersol v. State, 122 Okla. 124, 254 Pac. 104; Duncan v. Duncan, 129 Okla. 125, 263 Pac. 1083; Dorchester v. Lewis, 132 Okla. 264, 270 Pac. 316. But where the contested question of fact does not arise upon the pleadings, but upon motion or application for interlocutory order, no motion for new trial is necessary. Powell v. Nichols, 26 Okla. 734, 110 Pac. 762; Butler v. Archard, 130 Okla. 241, 266 Pac. 1106; Barfield Petroleum Co. v. Pickering Lumber Co., 137 Okla. 151, 278 Pac. 391.

In this cause the only instrument filed in the cause before the trial begun was the petition which prayed for permanent injunction and restraining order.

We must conclude that the trial court inquired into its jurisdiction and found the action was commenced by the filing of a petition as provided in section 231, C. O. S. 1921. Evidently the trial court treated the presence and oral resistance of the defendant at the time the cause was heard as controverting the allegation of facts contained in plaintiffs' petition, by which consideration an issue of fact arose as provided in section 530, C. O. S. 1921, and proceeded to the trial of the cause, at which oral and documentary evidence was introduced, and at the conclusion of the trial rendered judgment appealed from.

Under this view the proceeding had in the court below was a trial and the determination of an issue of fact arising upon the pleadings, and a motion for new trial was necessary.

In the case of Johnson v. Board of Com'rs of Logan County, supra, where the only pleading filed was a petition, this court held the determination of the question of fact thereon was a trial and the ruling of the court on a demurrer to the evidence was a decision occurring at the trial, and that in order for this court to review an order appealed from, a motion for new trial was necessary.

The case under consideration is distinguished from those cases where hearing is had on motion or application and where it is held that motion for new trial was unnecessary for the reason the issue of fact

arose upon a motion and not upon the pleadings.

For the reasons herein stated, the appeal is dismissed.