## FOSTER et al. v. ROBBINS et al.

No. 20600. Opinion Filed Feb. 23, 1932.

Twyford & Smith, Leo G. Mann, and G. Lee Gibbs, and W. F. Pardoe, Co. Atty., for plaintiffs in error.

Streeter Speakman, for defendants in error.

McNEILL, J. The plaintiff, W. C. Foster, as grantor, for the benefit of L. M. Langley, as grantee, and L. M. Langley instituted this action in the district court of Creek county against Johnnie May Robbins and Linnie Robbins, minors, C. M. McCallum, as guardian of said minors, the board of county commissioners of Creek county, and the county treasurer of Creek county, to quiet their title to the premises in question, joined with a count in ejectment, and an alternative count to foreclose tax liens, if, for any reason, the court should find the tax deeds upon which plaintiffs' title rested be invalid. A guardian ad litem was appointed for said defendants, minors, and answer was filed on behalf of said minors by way of general denial. The

court rendered judgment in favor of said minors, and the plaintiffs and the defendants board of county commissioners and the county treasurer have attempted to appeal. The said minors, defendants in the trial court, being defendants in error on appeal, have filed no brief on the merits in this court.

An examination of the record shows that on the 5th day of February, 1929, the trial court rendered judgment in favor of said minors, Johnnie May Robbins and Linnie Robbins, as against said plaintiffs, and in the journal entry, which was filed on the 13th day of February, 1929, appears the following:

"Now, on this 5th day of February, 1929, the above-entitled action comes on for hearing and for judgment of the court. * * *

"It is therefore, considered, ordered and adjudged that the plaintiffs recover nothing by reason of this action, and that the plaintiffs pay the costs of this action, to which the plaintiffs and the defendants board of county commissioners and county treasurer duly excepts, and such exceptions are allowed by the court.

"Thereupon, plaintiffs and defendants board of county commissioners and county treasurer request that their motions for a new trial be considered filed and passed upon at this time, with the understanding that such motions be filed sometime during the day; and

"Thereupon, the court considers the motions for a new trial filed, and it is ordered that such motions be and the same are hereby overruled, to which the plaintiffs and the defendants board of county commissioners and county treasurer, and each of them, duly except, and such exceptions are allowed. * * *"

Notice of appeal was given. The record also shows that a motion for new trial was filed on the 5th day of February, 1929, on behalf of plaintiffs, and a separate motion for a new trial on said day by the defendants board of county commissioners and the county treasurer. From said journal entry it is apparent that, at the time the trial court overruled the motions for new trial referred to in said journal entry, no such motions were on file.

Section 572, C. O. S. 1921, provides, in part, as follows:

"Former verdict, report, or decision shall be vacated, and a new trial granted, on the application of the party aggrieved. * * *"

Section 574, C. O. S. 1921:

"The application for a new trial must be made at the term the verdict, report, or decision is rendered, and, * * * shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

Section 575, C. O. S. 1921:

"The application must be by motion, upon written grounds, filed at the time of making the motion. * * *"

This is the statutory procedure, in part, in reference to a motion for a new trial. At the time the court rendered its judgment herein as set forth in the journal entry filed on the 13th day of February, 1929, there was no compliance with the aforesaid provisions of the statute. Under section 575, supra, the application must be by motion, upon written grounds, filed at the time of making the motion. This language is clear and explicit.

This court has heretofore considered this question in the case of McCommas v. Security State Bank, 122 Okla. 52, 250 P. 802. In that case the trial court pronounced its judgment upon the verdict of the jury, to which counsel excepted and requested the trial court to consider a motion for new trial filed, informing the court that said motion would be filed later. The court overruled the motion, exceptions were taken thereto, and notice of appeal given. However, on the same day, a motion for new trial setting forth written grounds was duly filed. The matter was brought to this court on appeal. This court in the syllabus in that case said:

"1. The order of the court overruling the motion for a new trial, which is not on file at the time the order is made, is a nullity, the exception taken a nullity, and the notice of intention to appeal without force and effect to give this court jurisdiction to consider appeal on its merits.

"2. Proceedings in error brought in this court, before the application for new trial on written grounds are passed upon by the trial court, are prematurely brought and should be dismissed."

And in the body of the opinion, the court said:

"The record before us clearly shows that at the time the trial court overruled the motion for a new trial no such motion was filed. There can be no order overruling a motion for a new trial which was not in existence, and to be in existence it must be on file, and such order is a nullity, the exceptions a nullity, and the notice of appeal based thereon of no force and effect. Singer v. Ooley, 112 Okla. 28, 239 P. 594.

"The motion for a new trial upon written grounds not having been passed upon by the trial court, the proceedings in error in this court are prematurely brought, and should be and are dismissed."

To the same effect is Piersol v. State ex rel. County Attorney, 122 Okla. 124, 254 P. 104; Timberlake v. Case, 122 Okla. 275, 254 P. 724; Timberlake v. Norris, 129 Okla. 113, 263 P. 649. See, also, Southern Mut. Life. Ins. Co. v. Williams, 135 Okla. 239, 275 P. 343.

In view of the foregoing, the appeal is dismissed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, ANDREWS, and KORNEGAY, JJ., concur. RILEY, CULLISON, and SWINDALL, JJ., absent.