## SHAWNEE COMMERCIAL COLLEGE et al. v. AYDELOTTE.

No. 23731. Dec. 11, 1934.

W. L. Chapman and Swan C. Burnette, for plaintiffs in error.

Reily & Reily, for defendant in error.

PER CURIAM. This cause comes here on appeal from the superior court of Pottawatomie county. The action was brought in that court by Mabel Aydelotte, as plaintiff, against Shawnee Commerical College et al., for the recovery of the sum of $350, alleged to be due for rent, and plaintiff caused an attachment to issue in said cause and to be levied upon certain personal property, included in which were a number of Woodstock typewriters. The action was, before trial, dismissed as to all defendants except the Shawnee Commercial College, a corporation. The Woodstock Typewriter Company was permitted to intervene in said cause and file a pleading which it denominates a motion to discharge the attachment, but in which it raises issues of both law and fact, the issue of fact being primarily its claim of ownership of the attached typewriters.

Issues were joined between the plaintiff and the intervener, Woodstock Typewriter Company, and on the 11th day of February, 1931, the defendant Shawnee Commercial College entered its general appearance by filing a motion to discharge the attachment, alleging that the grounds set up in the attachment affidavit were untrue, but it had filed no answer to the petition when the cause was tried on March 5, 1932, at which time it asked leave to file an answer, which the trial court denied, but, on motion of the plaintiff, held that defendant was in default, and, on said day, all parties having waived a jury, the court proceeded to hear the proof both as to the debt sued for and the issues on the attachment, and rendered judgment in favor of the plaintiff against the Shawnee Commercial College in the sum of $350, with interest at 6 per cent. from the 23rd day of September, 1930, and costs. By said judgment the attachment was also sustained as to most of the property attached, including ten of the typewriters claimed by the intervener, and it was ordered that said typewriters be sold to satisfy said judgment.

From this judgment both the defendant Shawnee Commercial College, a corporation, and Woodstock Typewriter Company, a corporation, attempt to appeal, but we do not think that this attempted appeal presents any issues which this court can consider.

1, 2, 3. An examination of the record discloses that this is a cause in which a motion for new trial in the trial court was necessary, and a condition precedent to any right to appeal to this court. The cause was tried and the judgment rendered in the trial court on the 5th day of March, 1932. From this judgment we quote as follows:

"To all of which the defendant Shawnee Commercial College, a corporation, and the intervener, Woodstock Typewriter Company a corporation, except, and their exceptions are allowed by the court, and thereupon said defendant and intervener asked that their motions for new trial be considered filed upon statutory grounds, and the same were overruled by the court and exceptions taken to said ruling, and said exceptions allowed; and said defendant and intervener thereupon gave notice of their intention to appeal therefrom to the Supreme Court of the state of Oklahoma, which notice is ordered spread of record upon the docket by the clerk of this court."

In addition to the foregoing recitals taken from the judgment, the written motion for new trial actually filed by the Shawnee Commercial College discloses by the file-marks that it was filed on March 9, 1932, or more than three days after the rendition of said judgment. The Woodstock Typewriter Company also filed a motion for new trial, and it likewise discloses that it was filed on the 9th day of March, 1932, and more than three days after the date of said judgment.

Defendant in error first contends that this appeal should be dismissed because the record is not sufficient to give this court jurisdiction, and we think this contention is well taken. Sections 574 and 575, C. O. S. 1921 (secs. 400 and 401, O. S. 1931), read as follows:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made. shall be within three days after the verdict or decision was rendered, unless unavoidably prevented.

"The application must be by motion, upon written grounds, filed at the time of making the motion. The causes enumerated in subdivisions 2, 3, 7 and 9 of section 5033, must be sustained by affidavits, showing their truth, and may be controverted by affidavits."

There is nothing set up in the motions for new trial filed in this cause which takes them out of the three-day limit, and the

record conclusively shows that they were not filed within that time. The record also shows that the written motions were never presented to, nor acted upon by the trial court after they were filed.

In the case of McCommas v. Security State Bank, 122 Okla. 52, 250 P. 802, this court held:

"The record before us clearly shows that at the time the trial court overruled the motion for a new trial, no such motion was filed. There can be no order overruling a motion for a new trial which was not in existence, and to be in existence it must be on file; and such order is a nullity, the exceptions a nullity, and the notice of appeal based thereon of no force and effect. Singer v. Ooley et al., 122 Okla. 28, 239 P. 594."

A reading of the opinion in the above cause will show that in that case the facts were identical with the facts in the case here under consideration, except that in that case a written motion was filed within the three day limit, but never acted upon, while in the case under consideration here, the written motion was not even filed within the three-day limit, and never was acted upon at all.

In the more recent case of Foster et al. v. Robbins et al., 155 Okla. 171, 8 P. (2d) 752, this court had this same question before it, and in the syllabus of that case said:

"'The order of the court overruling the motion for a new trial, which is not on file at the time the order is made, is a nullity, the exception taken a nullity, and the notice of intention to appeal without force and effect to give this court jurisdiction to consider appeal on its merits.' McCommas v. Security State Bank, 122 Okla. 52, 250 P. 802.

"'Proceedings in error brought in this court, before the application for new trial on written grounds are passed upon by the trial court, are prematurely brought, and should be dismissed.'"

In that case also the trial court undertook to overrule the motion for new trial before it was filed, and the motion was afterward filed during the same day and within the three-day limit, but was never presented to the trial court.

Both the statutory provisions quoted, supra, requiring the motion for new trial to be in writing and on file at the time of presenting it to the court, and the statutory provisions quoted, supra, fixing the time limit of three days for filing said motion in the clerk's office except as otherwise pro-

vided therein, are mandatory, and, where not complied with, the attempted appeal presents no issue on the merits to this court, and will be dismissed.

4. The record in this case is certified by the trial judge as a purported bill of exceptions, but we are of the opinion that it is not sufficient to confer jurisdiction on this court, either as a bill of exceptions or as a case-made. We have examined the record carefully, and it does not contain a written bill of exceptions as required by section 569, C. O. S. 1921 (sec. 387, O. S. 1931), and the holding of this court.

In the case of Nave et al. v. Central Life Insurance Co., 113 Okla. 76, 238 P. 424, this court said:

"This case is appealed by what purports to be a bill of exceptions from an order of the district court of Nowata county, overruling a motion to vacate an order appointing a receiver. Defendant in error challenges the sufficiency of the record to give this court jurisdiction, and asks that the appeal be dismissed. The entire record is designated as a bill of exceptions, and was allowed and signed as such by the trial judge. A bill of exceptions is only that part of the proceedings not embraced in the judgment roll, and, when authenticated by the trial judge and filed in the office of the clerk, a copy of the entire record is made and certified as a transcript and filed in this court, accompanied by a petition in error. * * * The record in the case at bar contains no bill of exceptions."

For various reasons the record here is insufficient as a case made. First, it is not signed and certified as such, but only as a bill of exceptions. Second, the judgment gave 20 days in which to make and serve case-made, and three days thereafter to suggest amendments, the same to be signed and settled upon three days' notice in writing. The record here does not appear to have been served upon defendant in error or her counsel at all, nor does it contain any waiver. Furthermore, the record discloses that it was signed by the trial judge and filed in the clerk's office within 14 days, or six days before the expiration of the time fixed by the judgment for making and serving same; and, finally, it does not even purport to be signed and settled as a case-made.

We therefore conclude that even if this were a case in which no motion for new trial was necessary, still the record here is insufficient to confer upon this court jurisdiction.

For the reasons here stated, the appeal in this cause is dismissed.

The Supreme Court acknowledges the aid of Attorneys Wm. G. Davisson, Earl M. Gray and Ezra Dyer in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Davisson and approved by Mr. Gray and Mr. Dyer, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.