## BARBEE et al. v. FIXICO et al.

No. 27097. Sept. 8, 1936.

Smith & Buckles, for plaintiffs in error.

Q. D. Gibbs and M. A. Dennis, for defendants in error.

PER CURIAM. On the 29th day of October, 1935, the final judgment was filed in this case. In the journal entry of judgment it is stated upon request of defendants Emmett E. Barbee and Robert K. Johnson the court consider as filed a motion by them for a new trial, and the same coming on for hearing at that time and being argued by counsel and duly considered by the court, the court is of the opinion that said motion for new trial should be denied. Notice in open court of intention to appeal was given, from which order and judgment of the court and the order overruling motion for a new trial Emmett E. Barbee and Robert K. Johnson have prosecuted an appeal, and on April 11, 1936, filed herein their petition in error with case-made attached. A motion to dismiss has been filed upon the ground that no motion for new trial had been properly filed and could therefore not be considered. Such is the law. Piersol v. State, 122 Okla. 124, 254 P. 104; Singer v. Ooley, 112 Okla. 28, 239 P. 594; Joiner v. Goldsmith, 25 Okla. 840, 107 P. 733; McCommas v. Security State Bank, 122 Okla. 52, 250 P. 802; Foster v. Robbins, 155 Okla. 171, 8 P. (2d) 752.

A response has been filed in which it is stated that, since other defendants had filed a motion for new trial in writing, the defendants Emmett E. Barbee and Robert K. Johnson having requested the court to consider their motion in the same form as filed and to consider the argument thereon as a whole, and the motion for new trial having been passed on, on behalf of the remaining defendants, such action saves the right under section 401, Okla. Stats. 1931. No case is cited in support of this theory, and we know of none announcing such principle. Under the above authorities it is the duty of the party wishing to appeal from the errors of law occurring at the trial to present in writing a motion for new trial and have the court pass upon the same. This court has repeatedly held that an argument made by counsel, however persuasive, not supported by authorities, will not be considered to change a rule of this court. We see no reason to change the rule that a party who wishes to appeal from the errors of law occurring at the trial must file a motion for new trial and have it passed upon before the court will consider the errors of law occurring at the trial.

There are seven assignments of error, all of which involve the errors of law occurring at the trial, which cannot be reviewed in the absence of a motion for new trial and an order overruling the same.

McNEILL, C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.