KALKA et al. v. MATHEWS et al.

*96 P. 2d 1046.*

No. 29429.   Nov. 14, 1939.

Rehearing Denied Dec. 12, 1939.

P. D Erwin, of Chandler, for plaintiffs in error.

William A. Vassar and M. A. Cox, both of Chandler, for defendants in error.

PER CURIAM. This is an appeal by the plaintiffs from an order of the trial court denying a temporary injunction. On the 30th day of June, 1939, the plaintiffs in error filed a petition seeking to enjoin the defendants from exercising supervisory control of the school district of which they were officers. On the same date the court issued a temporary restraining order and therein set the cause for hearing on the 11th day of July, 1939, at 10 o'clock a. m. On the latter date the

trial court heard the evidence introduced by both parties to determine whether a temporary injunction would be granted. On the 14th day of July, 1939, the court denied the temporary injunction, and the plaintiffs gave notice of intention to appeal, and on the 28th day of August, 1939, filed their petition in error with case-made attached and prayed for a reversal of the order denying the temporary injunction.

The defendants have filed a motion to dismiss for the reason that no motion for new trial was filed and considered. The motion must be sustained. The controlling rule in an action of this nature was announced in Johnson v. Board of County Commissioners, 125 Okla. 96, 256 P. 900, and Oklahoma City v. Iams, 145 Okla. 272, 292 P. 352. In the latter case the plaintiff appealed from an order granting a temporary injunction. Therein the court said:

"In this cause the only instrument filed in the cause before the trial begun was the petition which prayed for permanent injunction and restraining order. We must conclude that the trial court inquired into its jurisdiction and found the action was commenced by the filing of a petition, as provided in section 231, C. O. S. 1921. Evidently the trial court treated the presence and oral resistance of the defendant at the time the cause was heard as controverting the allegations of fact contained in plaintiff's petition by which consideration an issue of fact arose, as provided in section 530, C. O. S. 1921, and proceeded to the trial of the cause, at which oral and documentary evidence was introduced, and at the conclusion of the trial rendered judgment appealed from.

"Under this view the proceeding had in the court below was a trial and the determination of an issue of fact arising upon the pleadings, and a motion for new trial was necessary."

No motion or other application than the petition was filed by the plaintiff. The hearing was conducted on the petition, and under the above authorities such proceeding was a trial and it was necessary to file and have considered a motion for new trial and appeal from the order overruling the same in the event such motion was overruled.

Appeal dismissed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.