FRATES CO. OF TULSA v. PLANCK.

No. 32174. Nov. 6, 1945.

*162 P. 2d 1015.*

Hudson & Hudson and A. M. Covington, all of Tulsa, for plaintiff in error.

Logan Stephenson, F. C. Swindell, and Q. M. Dickason, all of Tulsa, for defendant in error.

PER CURIAM. On the 13th day of March, 1945, the plaintiff filed a petition seeking an injunction, and on the same date a temporary restraining order was issued and the defendant, on

the 19th day of March, 1945, was notified that the cause would come on for trial for a temporary injunction. On the 29th day of March, 1945, the court, after a hearing, entered an order denying the temporary injunction, and the plaintiff has appealed.

A motion to dismiss has been filed for the reason that the holdings of this court are to the effect that a motion for new trial is necessary in order to review the alleged errors occurring at the hearing since the same is in the nature of a trial. We are convinced that this is the law of this state and that the appeal must be dismissed. Kalka et al. v. Mathews et al., 186 Okla. 181, 96 P. 2d 1046; Johnson v. Board of County Commissioners, 125 Okla. 96, 256 P. 900, and Oklahoma City v. Iams, 145 Okla. 272, 292 P. 352.

Plaintiff concedes this to be the rule if it follows the above cases as construed in Kalka et al. v. Mathews et al., supra, but asks us to specifically overrule said case for the reason that it misconstrues not only the purpose and intent of the statute (12 O. S. 1941 § 554) but the case of Johnson v. Board of County Commissioners and the authorities cited therein. Kalka v. Mathews, supra, follows Oklahoma City v. Iams, supra, in which this court dismissed an appeal from an order granting a temporary injunction on almost an identical fact situation. We adhere to the rule heretofore announced.

The appeal is dismissed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.