BRUNER et al. v. CITY OF TULSA et al.

No. 34322. Dec. 13, 1949.

*212 P. 2d 664.*

Amos J. Nichols, of Tulsa, for plaintiffs in error.

R. L. Davidson, Jr., City Attorney, of Tulsa, for defendants in error.

O'NEAL, J. This proceeding was commenced by Ruby A. Bruner and William B. Bruner to obtain an injunction against the city of Tulsa in a proceeding by that city to annex the town of Dawson, Oklahoma. The matter was first called on application for a temporary injunction to determine whether the temporary injunction should be granted, but issues having been joined by all of the parties, the trial court proceeded to hear evidence and de-termine the issues on July 6, 1949, and thereafter sustained a demurrer to the evidence and entered its order and judgment denying the temporary injunction and determining the issues on the merits in favor of defendants and denying a permanent injunction.

The appeal is from the order and judgment of the court. A motion to dismiss has been filed in which it is argued that the appeal should be dismissed for the reason that no motion for new trial was filed and determined. With this contention we agree.

In Frates Co. of Tulsa v. Planck, 196 Okla. 110, 162 P. 2d 1015, it is stated:

"Where the plaintiff files a petition for injunction and without filing any further application seeks before the trial court to obtain a temporary injunction and the court has a complete hearing upon the issue of whether a temporary injunction should be granted and denies a temporary injunction, it is necessary to file a motion for new trial in order to present the alleged errors arising at the hearing on the application for the temporary injunction."

In Sac & Fox Oil Co. et al. v. Owens, 133 Okla. 96, 271 P. 240, it is stated:

"The ruling on a demurrer to the evidence is a decision occurring on the trial; and, in order to enable the Supreme Court to review such ruling, it is necessary that a motion for new trial be filed within the time prescribed by law."

See, also, to the same effect Kalka et al. v. Mathews et al., 186 Okla. 181, 96 P. 2d 1046.

It is argued by the plaintiff in error that because the trial court in its judgment stated that private citizens had no right to maintain an action of this nature there is error presented upon the record and the motion to dismiss should be denied. With this contention we cannot agree. The issues were fully determined upon the evidence presented and the judgment is based thereon. A motion for new trial was therefore

necessary in order to present the errors alleged.

Appeal dismissed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.